**UPHOLSTERERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO**

and

**Local Union No. 307, Upholsterers' International Union of North America, AFL–CIO, Plaintiffs,**

v.

**The AMERICAN PAD & TEXTILE COMPANY, Defendant.**

**Civ. A. No. 5411.**

United States District Court
S. D. Ohio, W. D.
April 23, 1965.

Robert I. Doggett, Cincinnati, Ohio, for plaintiffs.

Don Burkholder, Cincinnati, Ohio, for defendant.

## MEMORANDUM OPINION

JOHN W. PECK, District Judge.

In the amended complaint in this action for alleged violation of a labor management agreement plaintiff unions allege that defendant has not fulfilled its contract to provide certain life insurance for union members.

The basic collective bargaining agreement involved was entered into August 7, 1959, and was to remain in effect until July 1st, 1961, being further subject to automatic extension provisions. The employees involved were certain of those employed by defendant at its Greenfield, Ohio, plant. Supplement No. 1 was signed April 15, 1960, and contained the following provision, which is at the heart of the present action:

> "2. It is further agreed that any employee with fifteen years or more of continuous service with The American Pad & Textile Company at the time of retirement and having attained the age of 65

years, the Company will continue to cover such eligible retired employees with $2,000.00 life insurance."

Defendant ceased production at its Greenfield, Ohio, plant November 30th, 1962, and plaintiffs allege that 79 individuals either had retired or were eligible to retire prior to that date. The basic contention of the amended complaint is that defendant has deprived such retirees and employees of their individual life insurance coverages and thus breached its contract. The prayer of the petition is for $158,000, representing $2,000 for each of the aforementioned 79 individuals.

Defendant's answer to the amended complaint admits the execution of the basic collective bargaining agreement, but denies that Supplement No. 1 was a valid or binding contract. Cessation of production at the Greenfield, Ohio, plant November 30th, 1962, was admitted, as is the fact that defendant thereafter refused to pay premiums for the life insurance in question, "there being no former employees thereafter eligible to retire, and defendant not being bound to pay life insurance or premiums therefor for any employee after November 30, 1962." The answer denies any breach of any agreement with the plaintiffs made for the benefit of any of defendant's former employees. Thereafter follow four separate defenses.

On these pleadings and supporting affidavits defendant has moved for summary judgment, and plaintiffs have subsequently moved for summary judgment on the issue of defendant's liability.

■ Defendant first claims to be entitled to judgment on the ground that Supplement No. 1 to the collective bargaining agreement was never consummated because not approved or countersigned by the International President as required by the General Laws of the plaintiff International. There is no occasion to explore other serious reservations which we possess relative to this defense since one circumstance is fatal

to it. That circumstance is the incorporation of Supplement No. 1 by reference in subsequent extensions approved and countersigned by the International President. Such action validated the supplement in question and makes consideration of other probable validating circumstances unnecessary.

■ The Second Defense of the answer alleges that during an extension period of the collective bargaining agreement defendant gave notice under the terms of its provisions of termination of the agreement and supplements as of June 30th, 1962. However, this defense is neither stressed by defendant in its briefs nor responded to by plaintiffs, and it is assumed that the parties recognize that such termination could not be operative as to the clause of Supplement No. 1 here under consideration.

Under the Third Defense alleged by defendant it contends that an agreement entered into between the parties May 11th, 1962, is fatal to plaintiffs' case. That agreement provided for extension of the collective bargaining agreement and any supplements thereto through June 30th, 1963, or until cessation of production at defendant's Greenfield, Ohio, plant, "whichever event occurred first." Upon the first of those events to occur, the May 11th, 1962, agreement provided that "all agreements and any supplements between the parties will terminate without the need of further notice." As hereinabove indicated, such cessation as of November 30th, 1962, is uncontroverted.

■ Two questions are presented in connection with the May 11th, 1962, agreement. The first is, could plaintiffs have bargained away the rights to insurance of former employees who had retired prior to May 11th, 1962? Clearly, this question must be resolved in the negative. Such rights in these retirees were vested and could not have been adversely affected by plaintiffs even had they clearly expressed such intent in the May 11th, 1962, agreement. Of assistance in connection with this question, although not precisely dispositive of it,

are the following: Goodall-Sanford, Inc. v. United Textile Workers, AFL Local 1802, 233 F.2d 104 (1st Cir. 1956); In re Wil-Low Cafeterias, 111 F.2d 429 (2nd Cir. 1940); Zdanok v. Glidden Company, 288 F.2d 99, 90 A.L.R.2d 965 (2nd Cir. 1961); Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964) and Ford Motor Co. v. Huffman, 345 U.S. 330, 73 S.Ct. 681, 97 L. Ed. 1048 (1953).

■■ The second question presented in connection with the May 11th, 1962, agreement is whether it in fact purported to in any way alter rights under the life insurance provision of Supplement No. 1 to the collective bargaining agreement. Plaintiffs argue that the defendant's April 24th, 1962, termination notice and a letter it sent to retirees just one week later (May 1st, 1962) must be read in connection with that agreement. In that letter defendant advised such retirees that "in appreciation of your many years of loyal service to this company, we are continuing group life insurance coverage for you in the amount of $2,000.00." While consideration of these documents is felt appropriate in determining the intention of the parties in executing the May 11th, 1962, agreement, we are not on the present record prepared to hold that as to this second group of former employees plaintiffs have established that "there is no genuine issue as to any material fact and that [they are] entitled to a judgment as a matter of law" (Rule 56(c), F.R.Civ.P.).

It is here determined that defendant's motion for summary judgment should be denied, as should so much of plaintiffs' motion as pertains to former employees who retired subsequent to May 11th, 1962. Plaintiffs' motion will be sustained, however, to the extent that it pertains to defendant's liability to employees who retired prior to said date, leaving open for future determination the extent of such liability.

An order in accordance with the foregoing may be presented.