372 F.2d 427
 UPHOLSTERERS' INTERNATIONAL UNION OF NORTH AMERICA, AFL-CIO,
and Local Union No. 307, Upholsterers'
International Union of North America,
AFLCIO, Plaintiffs-Appellees,
v.
The AMERICAN PAD & TEXTILE COMPANY, Defendant-Appellant.
 No. 16789.
 United States Court of Appeals Sixth Circuit.
 Jan. 6, 1967.
 
 Don Burkholder, Cincinnati, Ohio, for appellant. Rendigs, Fry, Kiely & Dennis, Cincinnati, Ohio, Buchanan, Ingersoll, Rodewald, Kyle & Buerger, David B. Buerger, Rex Rowland, Pittsburgh, Pa., on the brief.
 Robert I. Doggett, Cincinnati, Ohio, for appellees, Smith & Latimer, Cincinnati, Ohio, on the brief.
 Before EDWARDS and CELEBREZZE, Circuit Judges, and TAYLOR,* District Judge.
 EDWARDS, Circuit Judge.
 
 
 1
 In this case plaintiff-appellee unions sued the defendant-appellant company for damages for violation of a previously existing labor-management contract. The critical language is found in Supplement No. 1 to the contract, dated April 15, 1960:
 
 
 2
 '2. It is further agreed that any employee with 15 years or more of continuous service with The American Pad and Textile Company at the time of retirement and having attained the age of 65 years, the Company will continue to cover such eligible retired employees with $2,000 life insurance.'
 
 
 3
 The facts in this case disclose that for some years prior to any union contract in the Greenfield, Ohio, plant of the Company, the company had made a practice of paying the premiums on a $2,000 life insurance policy for each of its employees. This pre-existing company policy was made a matter of contract by the supplementary agreement referred to above between the company and Local 307.[1]
 
 
 4
 During 1962 the Greenfield, Ohio, plant of the company was closed and its operations moved to a new plant in Louisiana. The company continues in business. But in December of 1962 it sent all of the then retired employees from the Ohio plant (79 in all) who are the subject matter of this suit, notices that they would have to make private arrangements to carry their insurance individually with the insurance company.
 
 
 5
 The International Union[2] and Local 307 thereupon filed the instant suit under Section 301 of the Labor-Management Relations Act of 1947, 61 Stat. 156 (1947), 29 U.S.C. 185(a) (1964), claiming money damages on behalf of the 79 employees who were retired or eligible to retire on November 30, 1962, for claimed breach of the quoted contract provisions.
 
 
 6
 The case was submitted to then District Judge (now Circuit Judge) John W. Peck on cross-motions for summary judgment on the basis of pleadings, exhibits, and affidavits. Judge Peck denied defendant's motion and granted plaintiffs' motion for summary judgment on the issue of defendant's liability as to those employees only who had retired prior to May 11, 1962. Without determining damages or the rights of employees who retired after May 11, 1962, he certified the liability question of the retirees prior to May 11, 1962, as a controlling question of law. Thereupon this court granted leave to appeal from his interlocutory order.
 
 
 7
 It is appellant's contention (as we interpret it) that the word 'continue' in the above paragraph should be read as if supplemented by the words 'for the term of this contract.' It is the union's position that on the contrary that the term 'continue' should be supplemented by the words 'during the term of such employee retirement.' Judge Peck decided the issue of liability posed by this case by holding that the interpretation of the agreement sought by the union was the proper one and by holding that all of those employees who had retired prior to May 11, 1962, were entitled to have premiums paid on their life insurance contracts by the company.
 
 
 8
 We believe that the word 'continue' in the second paragraph of the key contract provisions is ambiguous. It should, however, be read with the whole of the supplementary agreement, including the first paragraph, which clearly made use of language limiting that paragraph to the term of the contractual agreement.[3] The fact that this language was significantly used in the first paragraph and was not employed in relation to the second paragraph lends weight in our view to the interpretation placed on the contract by Judge Peck.
 
 
 9
 Further, taking into account the history of the life insurance arrangements made first by company decision and then confirmed by the collective bargaining agreement, we think we deal here with an employee benefit provision which vests when the employee service called for is fully performed. Smith v. Kingsport Press, Inc., 366 F.2d 416 (C.A.6, 1966); New York City Omnibus Corp. v. Quill, 189 Misc. 892, 73 N.Y.S.2d 289, (Sup.Ct.1947), modified on other grounds, 272 App.Div. 1015, 74 N.Y.S.2d 925 (1st Dept. 1947), affirmed, 297 N.Y. 832, 78 N.E.2d 859 (1948).
 
 
 10
 The seniority and employment rights problems dealt with in Oddie v. Ross Gear & Tool Co., 305 F.2d 143 (C.A.6, 1962), cert. denied, 371 U.S. 941, 83 S.Ct. 318, 9 L.Ed.2d 275 (1962), and Fraser v. Magic Chef-Food Giant Markets, Inc., 324 F.2d 853 (C.A.6, 1963), do not appear similar in any controlling respect to the instant case.
 
 
 11
 For these reasons and for other reasons set forth in detail in Judge Peck's Memorandum Opinion dated April 23, 1965, 263 F.Supp. 765, we affirm his order of June 15, 1965. The case will be remanded for such additional proceedings as are required to determine damages as to employees who were retired prior to May 11, 1962, and to determine liability and damages, if necessary, as to those retired thereafter.
 
 
 12
 It is sufficient for our purposes to affirm on the basis of interpretation of the collective bargaining agreement. We do not have to consider (and do not) what if any vested rights the individual employees may have had in relation to life insurance as established by contract implied by their total relationships to the company, separate and apart from the collective bargaining agreement.
 
 
 13
 Affirmed.
 
 
 
 *
 Hon. Robert L. Taylor, Chief United States District Judge, for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Local 307, Upholsterers' International Union of North America, AFL-CIO
 
 
 [2]
 Upholsterers' International Union of North America, AFL-CIO
 
 
 [3]
 '1. It is agreed that the 'Factory Group Insurance Plan' for: the employees for Life, Accidental Death and Dismemberment, and Weekly Benefits; the employees and dependents for Hospital Expense, Surgical Expense and Medical Expense; as are now in effect and are outlined in the booklet attached, such 'Factory Group Plan' shall continue in full force and effect for the duration of the current Collective Bargaining Agreement.'