INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA AND ITS LOCAL 784; Raymond F. McConnell and Robert S. Lee, on behalf of themselves and all others similarly situated, Plaintiffs-Appellees,

v.

CADILLAC MALLEABLE IRON COMPANY, INC., Defendant-Appellant.

No. 83–1289.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1984.

Decided March 8, 1984.

Richard A. Hooker (argued), Schmidt, Howlett, Van't Hof, Snell & Vana, Grand Rapids, Mich., for defendant-appellant.

Michael L. Fayette, Kleiner, DeYoung & Fayette, Grand Rapids, Mich., Judith A. Scott, Asst. General Counsel, International Union, UAW, Legal Dept., Leonard R. Page (argued), Detroit, Mich., for plaintiffs-appellees.

Before LIVELY, Chief Judge, EDWARDS, Circuit Judge, and TAYLOR, District Judge.*

LIVELY, Chief Judge.

This is a declaratory judgment action by the union and two retired employees of Cadillac Malleable Iron Company, Inc. (Malleable Iron). The plaintiffs sought a determination by the district court that Malleable Iron is contractually obligated to provide to retired employees for the duration of their lives, certain insurance benefits provided for in various collective bargaining agreements between the union and Malleable Iron. The complaint also sought injunctive relief and a judgment for expenditures made by the plaintiffs as a result of the employer's decision that such benefits had terminated. The question presented for decision is whether benefits consisting of life insurance and hospital and health insurance of retired employees continue during the lifetime of such employees or may be terminated by the employer at the expiration of the collective bargaining agreement under which the right to the benefits was acquired.

The district court conducted a trial after which it entered a comprehensive opinion containing findings of fact and conclusions of law. The district court canvassed the history of collective bargaining between the union and Malleable Iron. It gave detailed consideration to the actions of the employer with respect to the payment of premiums for life and health insurance of retired employees during periods when no collective bargaining agreement was in effect. The district court then concluded that it was the intention of the parties that retirement benefits be made payable for the life of retired employees. The court found that "the inherent duration of the retirement status beyond any particular contract" supported its conclusion that the parties intended for these benefits to continue during the lifetime of each retired employee.

On appeal Malleable Iron argues that the district court reversed the burden of proof in this case by applying a presumption that retirement benefits are vested for life in the absence of an explicit showing of a contrary intent. It argues that the plaintiffs had the burden of proving the existence of an intent to provide these benefits for the lifetime of retired employees and that no presumption applied. While we agree with Malleable Iron that there is no legal presumption based on the status of retired employees, we do not believe that this leads to a conclusion that the district court erred in its determination. The district court relied on the bargaining history

---

* The Honorable Anna Diggs Taylor, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

of the parties which included consideration of seven agreements and three strikes during which the employer never indicated that retired employees were entitled to anything less than lifetime insurance benefits. The district court also considered the testimony of the corporate secretary who maintained personnel records and customarily talked with each employee who was about to retire and the testimony of various employees concerning their interviews with the secretary. On the basis of the entire record the district court concluded that the plaintiffs had established that it was the intent of the parties that these rights not be affected by the expiration of the collective bargaining agreements which created them, confirmed them and often improved the benefits of already retired employees.

Upon consideration of the briefs and oral arguments of counsel together with the entire record on appeal, this court concludes that the district court did not err in its findings or conclusions. This court recently dealt with this issue in *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America v. Yard-Man, Inc.*, 716 F.2d 1476 (6th Cir. 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1002, 79 L.Ed.2d 234 (1984). In *Yard-Man* Judge Kennedy wrote:

> Further, retiree benefits are in a sense "status" benefits which, as such, carry with them an inference that they continue so long as the prerequisite status is maintained. Thus, when the parties contract for benefits which accrue upon achievement of retired status, there is an inference that the parties likely intended those benefits to continue as long as the beneficiary remains a retiree. This is not to say that retiree insurance benefits are necessarily interminable by their nature. Nor does any federal labor policy identified to this Court presumptively favor the finding of interminable rights to retiree insurance benefits when the collective bargaining agreement is silent. Rather, as part of the context from which the collective bargaining agreement arose, the nature of such benefits simply provides another inference of intent. Stand-

ing alone, this factor would be insufficient to find an intent to create interminable benefits. In the present case, however, this contextual factor buttresses the already sufficient evidence of such intent in the language of this agreement itself. *Id.* at 1482.

We believe that the analysis undertaken by the district court in the present case is quite similar to that described in *Yard-Man.* We note also that the district court's logic was cited with approval recently in *Bower v. Bunker Hill Company*, 725 F.2d 1221, 1225 (9th Cir.1984). *See also Upholsterers' International Union of North America v. American Pad & Textile Co.*, 372 F.2d 427 (6th Cir.1967), where the court considered the history of life insurance arrangements confirmed by collective bargaining agreements in determining that the benefit vested when employee service had been fully performed. The factual findings of the district court in the present case are supported by the evidence and the conclusions are in accord with the law as expressed by this court. We have considered all of the issues raised by the appellant and have determined that the district court did not err in entering judgment for the plaintiffs.

The judgment of the district court is affirmed.