**TAKASHI KATAOKA et al. v. MAY DE-PARTMENT STORES CO. et al.**

No. 9479.

Circuit Court of Appeals, Ninth Circuit.

Nov. 18, 1940.

**3. Courts ⚖️351½**

Albert E. Coger, of Los Angeles, Cal., for appellants.

Walter O. Schell, Gerald F. H. Delamer, and Joseph H. Wheeler, all of Los Angeles, Cal., for appellees.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, Takashi Kataoka (an infant suing by his guardian ad litem)[1] and Tsutomu Kataoka, brought this action against appellees, The May Department Stores Company (hereafter called May Company) and Jerry Goddord, in the District Court of the United States for the Southern District of California. Appellees answered, the case came on for trial, a jury was empaneled, appellants presented their evidence and, at the conclusion thereof, appellees moved the court to dismiss the action on the ground that, upon the facts and the law, appellants had shown no right to relief.[2] The court granted the motion and entered a judgment dismissing the action on the merits and awarding costs to appellees. Appel-

---

[1] Takashi Kataoka's guardian ad litem was his coplaintiff, Tsutomu Kataoka.

[2] Federal Rules of Civil Procedure, Rule 41(b), 28 U.S.C.A. following section 723c.

522

lants moved the court to vacate the judgment and grant them a new trial and, while that motion was pending, moved the court to dismiss the action for want of jurisdiction. Both motions were denied. This appeal is from the judgment.

The question is whether the District Court had jurisdiction of the action. Appellants contend that such jurisdiction was lacking. Appellees contend that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000 and was between citizens of different States, and that, therefore, the court had jurisdiction under § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1).

The complaint was in three counts. Each count stated a claim for damages and costs. In each of the first two counts the amount of damages claimed was $15,-000. Thus, in each of those counts, the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000. In count 3 the amount of damages claimed was $992.18, plus special damages. The amount of such special damages was not disclosed. Hence, it cannot be said that, in count 3, the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000.

■ The damages claimed in counts 1 and 2 were alleged to have been sustained by Takashi Kataoka. Tsutomu Kataoka had no interest in those claims. The damages claimed in count 3 were alleged to have been sustained by Tsutomu Kataoka. Katashi Kataoka had no interest in that claim. Hence, the claim stated in count 3 could not be aggregated with either of those stated in the other counts for the purpose of conferring jurisdiction. Gavica v. Donaugh, 9 Cir., 93 F.2d 173, 175. It follows that, as to count 3, the District Court had no jurisdiction.

In each of the first two counts the matter in controversy was between Takashi Kataoka on the one hand and May Company and Goddord on the other. Takashi Kataoka and Goddord are citizens of California.[3] May Company is a New York corporation and is, therefore, a citizen of New York. Thus Takashi Kataoka and May Company are citizens of different States, but Takashi Kataoka and Goddord are citizens of the same State.

Each count of the complaint alleged that Goddord was at all times therein mentioned "the duly appointed, qualified and acting agent, servant and employee of [May Company] and as such was acting within the scope of his employment;" that May Company maintained and operated a department store in Los Angeles, California; that Takashi Kataoka and his mother, Toki Kataoka, were customers and invitees of May Company and, as such, entered said store on September 12, 1938, and ascended to the third floor thereof by means of an escalator or moving stairway maintained and operated by May Company; that, while Toki Kataoka was then and there talking with Goddord, Takashi Kataoka "in some way got the third and fourth fingers of his right hand inserted into" an aperture or opening between the floor and a step of the escalator; that Goddord thereupon attempted to remove Takashi Kataoka's hand "by pulling on it, but to no avail, and finally stopped said escalator, which action, likewise, failed to release the said hand;" that Goddord thereupon threw the escalator into reverse; and that, as he did so, the step "in coming back, clipped off the 3rd and 4th fingers of [Takashi Kataoka's] right hand." For the loss of these fingers damages were claimed in each of the first two counts of the complaint.

Count 1 alleged that "the loss of the fingers was proximately caused by the negligence and carelessness of the defendants [May Company and Goddord] and each of them in failing to cover the said aperture or opening and by allowing it to remain unguarded." Count 2 alleged that the loss of the fingers "was due to the carelessness and negligence of the defendants [May Company and Goddord] and each of them in maintaining, operating, conducting and supervising the said escalator, and to the carelessness and negligence of [May Company's] agent and servant, Jerry Goddord, in attempting to remove [Takashi Kataoka's] hand after it had been inserted into said aperture, and by failing to summon an expert who had working knowledge of the said escalator to release the said hand."

■ Thus, in each of the first two counts, May Company and Goddord were

3 Though not disclosed by the record on appeal, the fact that Goddord is a citizen of California was, at the argument, asserted by appellants and admitted by appellees.

sued as joint tort-feasors. That is to say, they were sued for damages alleged to have been caused by concurrent acts of negligence on their part, and were sued jointly, not severally. As Goddord and Takashi Kataoka, the real party plaintiff in each of these counts, were citizens of the same State, the District Court had no jurisdiction. Dollar Steamship Lines v. Merz, 9 Cir., 68 F.2d 594. See, also, Pullman Co. v. Jenkins, 305 U.S. 534, 538, 59 S.Ct. 347, 83 L.Ed. 334.

Appellants did not seek to amend their complaint—as, under § 274c of the Judicial Code, 28 U.S.C.A. § 399, they might have done—so as to state a claim or claims within the jurisdiction of the District Court. Instead, they moved the District Court to dismiss the action for want of jurisdiction. The motion should have been granted.

Judgment reversed and case remanded for dismissal for want of jurisdiction.