**Thomas W. MORRIS and Eleanor R. Morris**

**v.**

**GIMBEL BROTHERS, INC., also doing business as "Gimbel's".**

**Civ. A. No. 35575.**

United States District Court
E. D. Pennsylvania.

Oct. 7, 1965.

Matthew Kramer, Kramer & Harrison, Philadelphia, Pa., for plaintiffs.

Albert C. Gekoski, Philadelphia, Pa., for defendant.

KIRKPATRICK, District Judge.

This is a suit brought by a husband and wife to recover damages for injuries to the wife. The complaint alleges that she was hurt when she tripped and fell over boxes which were lying in the aisle of the defendant's department store where she was a customer. The wife claims $100,000 and the husband $50,000. The defendant has moved to dismiss the action for want of jurisdiction on the ground that the injuries involved do not meet the $10,000 federal jurisdiction requirement.

I have before me only the complaint and answer, the plaintiffs' answers to the defendant's interrogatories, a letter from Mrs. Morris's physician, three letters from a medical consultant, and an official summary of the hospital record of Mrs. Morris's case. It seems unnecessary to go into a detailed discussion of her claim because, after careful consideration, I cannot find that it was made in bad faith for the mere purpose of obtaining federal jurisdiction. I think it very unlikely that she will get a verdict for the jurisdictional amount (or anything very near it), but jurisdiction turns not upon the probability or improbability that she will get a verdict in the jurisdictional amount but upon whether there is a cer-

tainty that she could not get such a verdict or that it could not stand if she did.[1]

This brings us to the husband's claim. I may say at once that there is not the remotest possibility that a verdict of $10,000 or anything like it in favor of the husband would be rendered or that, if rendered, such a verdict could stand. The only ground for sustaining jurisdiction of the husband's case which need be considered is the principle of pendent jurisdiction stemming from the decision in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. I believe that the case of Borror v. Sharon Steel Company, 3 Cir., 327 F.2d 165, is controlling and that the husband's claim is pendent to the wife's.

The case of Sobel v. National Fruit Product Co., D.C., 213 F.Supp. 564, was decided prior to the Borror case and held that the husband's claim was independent of that of the wife. In the Borror case, however, the court had before it claims under both the Survivor's Act and the Wrongful Death Act of Pennsylvania and held that the federal court had jurisdiction of either claim as pendent to the other. The court pointed out that in Pennsylvania the two actions would have been consolidated, that they were for the same tort, for the same injuries and that the damages recovered in one suit were complementary to those recoverable in the other. It might be urged that the present case is distinguishable from Borror on the ground that the parties plaintiff in the two causes of action are separate and distinct. However, in the Borror case, although the nominal party of record was the same in both causes of action, the actual parties in interest, namely, the wife on the one hand and the estate on the other, are just as distinct as the husband and wife in the present case. Judge Biggs in the Borror opinion recognized that that decision was an extension of Hurn v. Oursler, supra, in that the former case involved federal and non-federal causes of action whereas the Borror case, like the present one, is a diversity case in which federal jurisdiction turns upon citizenship and the amount involved. However, I think that the observation of Judge Biggs in the Borror opinion, to the effect that the extension of Hurn v. Oursler is a desirable one and should be countenanced by law, is equally applicable to the present case. He said, "Such a concept seems clearly within the contemplation of Pennsylvania practice. Such a course saves the time of jurors, of witnesses, of the parties, and of the judges, and prevents tortfeasors from being mulcted of damages."

Pennsylvania has long recognized the complementary nature of the actions of husband and wife where the wife was injured. Title 12 P. S. § 1621 required that only one action be brought, and Rule 2228 (a) of the Pennsylvania Rules of Civil Procedure, 12 P. S. Appendix, which replaces it contains the same requirement. The negligent act complained of and the injuries it caused the wife form the basis of both the claim of the husband and the wife. She in her suit seeks to recover for her disability and pain and suffering; he in his suit seeks to recover for loss of consortium and his wife's services. The duration and severity of the effects of the wife's injuries will govern both recoveries, and separate lawsuits might well lead to duplicate recoveries, especially in the case of the wife's claim for loss of earnings and the husband's claim for the loss of his wife's services.

The motions of the defendant as to both causes of action to dismiss for want of jurisdiction will be denied.

---

1. Mrs. Morris's answers to interrogatories and the doctors' reports show that she suffered a lumbo-sacral sprain or strain, contusion of the left knee joint, contusion of the left breast and left arm. She spent thirteen days in the hospital, has medical bills of nearly $600.00, and lost wages in the amount of $657.00, together with expenses for drugs and orthopedic devices of about $50.00. She visited doctors for examination and treatments from time to time between March 30 and October 24. Her complaint alleges that she suffered severe pain, that she will continue to suffer the same for an indefinite time, and that her future earning power has been impaired.