**Karen Jean HYMER, Defendant-Appellant,**

v.

**Benjamin K. CHAI and Victoria Leilani Chai, Plaintiffs-Appellees.**

No. 22081.

United States Court of Appeals Ninth Circuit.

Feb. 13, 1969.

Albert Gould (argued), of Cobb & Gould, Honolulu, Hawaii, for appellant.

Dennis E. W. O'Connor (argued), of Robertson, Castle & Anthony, Honolulu, Hawaii, for appellees.

Before MERRILL, BROWNING, and HUFSTEDLER, Circuit Judges.

HUFSTEDLER, Circuit Judge:

Appellees Mr. and Mrs. Chai brought a diversity action in the Hawaiian District Court for damages resulting from a collision between a motorcycle driven by Mr. Chai and a car driven by appellant Mrs. Hymer. Mr. Chai sought $75,000 damages for personal injuries and damage to his motorcycle and Mrs. Chai claimed $7500 for loss of consortium. The jury returned a $48,000 verdict for Mr. Chai and a $5000 verdict for Mrs Chai.

Mrs. Hymer asserts several grounds for reversal, but only two need be discussed: (1) Did the court have jurisdiction to adjudicate the claim of Mrs. Chai for loss of consortium? (2) Did the court prejudicially err in failing to give Mrs. Hymer's requested instruction

concerning exercise of the right of way at an intersection? We have concluded that both issues must be resolved in favor of Mrs. Hymer and, therefore, both judgments must be reversed.

*Mrs. Chai's claim for loss of consortium*

Mrs. Chai's claim of $7500 damages for loss of consortium fell below the monetary minimum necessary to sustain federal diversity jurisdiction (28 U.S.C. § 1332(a)), and no independent basis for federal jurisdiction existed. The District Court had no jurisdiction to entertain Mrs. Chai's action unless her claim can be tacked to her husband's action by the doctrinal thread known as "pendent jurisdiction."

■■ The doctrine of pendent jurisdiction permits a federal court to accept jurisdiction of a party's nonfederal claims which are intertwined with his federal claims in a case in which all of the claims emerge from "a common nucleus of operative fact." (United Mine Workers v. Gibbs (1966) 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218.) Pendent jurisdiction was devised to avoid the waste and inefficiency resulting from fragmenting a single action and dividing the pieces into separate proceedings before the state and federal courts and to encourage a party who had a claim presenting a substantial federal question, mixed with a nonfederal claim, to take his bundle of claims to the federal court.[1]

■ Joinder of claims, not joinder of parties, is the object of the doctrine. It was not designed to permit a party without a federally cognizable claim to invoke federal jurisdiction by joining a different party plaintiff asserting an independent federal claim growing out of the same operative facts. (United Mine

1. United Mine Workers v. Gibbs, *supra*, 383 U.S. at 726–727, 86 S.Ct. 1130; Hurn v. Oursler (1933) 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148. *See generally,* Olivieri v. Adams, 280 F.Supp. 428 (E.D.Pa.1968); Shakman, The New Pendent Jurisdiction of the Federal Courts, 20 Stan.L.Rev. 262 (1968); Note, The Evolution and Scope of the Doctrine of Pendent Jurisdiction in the Federal Courts, 62 Colum.L.Rev. 1018, 1044 (1962); Wechsler, Federal Jurisdiction and the Revision of the Judicial Code, 13 Law & Contemp.Prob. 216, 218 (1948).

Workers v. Gibbs, *supra*; Hurn v. Oursler (1932) 289 U.S. 238, 245–246, 53 S.Ct. 586, 77 L.Ed. 1148; cf. Kataoka v. May Department Stores Co. (9th Cir. 1940) 115 F.2d 521.)

Mrs. Chai contends that the doctrine should be extended to encompass her claim because her action for loss of consortium is ancillary to her husband's personal injury claim and both claims should be tried together to avoid piecemeal litigation. To support her argument she cites two decisions of the Third Circuit, Wilson v. American Chair & Cable Co. (1966) 364 F.2d 558, 564 and Borror v. Sharon Steel Co. (1964) 327 F.2d 165, and two District Court decisions, Morris v. Gimbel Brothers, Inc. (E.D.Pa.1965) 246 F.Supp. 984 and Raybould v. Mancini Fattore Co. (E.D.Mich. 1960) 186 F.Supp. 235.[2] *Wilson, Borror,* and *Raybould* permit a single plaintiff, acting in a dual capacity, to tack a claim not federally cognizable to an intimately related federally recognized claim to

bring the former within the jurisdiction of the federal court. The *Wilson* result is contrary to our decision in *Kataoka, supra.*[3] We are bound by *Kataoka* and must decline to follow *Wilson, Borror, Raybould,*[4] and *Morris.*[5] We hold that the District Court did not have jurisdiction to entertain Mrs. Chai's claim for loss of consortium.[6]

### Mr. Chai's personal injury action

The collision occurred during the morning rush hour traffic on heavily traveled Kamehameha Highway in Honolulu, Hawaii. Mrs. Hymer was attempting to make a left turn from Kamehameha onto Lipoa Street. Mr. Chai was traveling on Kamehameha approaching the intersection from the opposite direction. Kamehameha consists of three lanes in each direction, with the outside lane extending approximately one tenth of a mile in each direction from Lipoa Street. Mr. Chai was riding his motorcycle in the outside lane. In the stop-and-go traffic, cars in the two primary

2. Mrs. Chai also relies on our decision in Yuba Consolidated Gold Fields v. Kilkeary (9 Cir., 1953) 206 F.2d 884 to support her contention. *Yuba* is not apposite. That case concerned the application of 28 U.S.C. § 1441(c) to permit *Yuba* to remove to federal court multiple suits against it filed in state court by multiple plaintiffs, some of which involved claims less than the jurisdictional minimum, and to try, as plaintiff, the entire controversy as a single equitable proceeding. Section 1441(c) was not designed to broaden federal jurisdiction. (American Fire & Cas. Co. v. Finn (1951) 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.)

3. In Wilson v. American Chain & Cable Co., *supra,* 364 F.2d 558, as guardian ad litem for his minor son a father sought damages for his son's personal injuries, and on his own behalf sued to recover medical expenses incurred for the minor in an amount less than the jurisdictional minimum. *Kataoka, supra,* 115 F.2d 521 involves the same factual situation, and we denied jurisdiction of the father's claim.

4. In both *Borror* and *Raybould,* diversity cases, an administrator sued as personal representative of the decedent for dam-

ages for decedent's personal injuries surviving death and as representative of the decedent's heirs for damages for decedent's wrongful death; one claim was in excess of the jurisdictional minimum and the other was below the minimum. In both instances pendent jurisdiction was invoked to bring the nonfederally cognizable claim into the federal court.

5. The District Court applied *Borror* to sustain jurisdiction of a husband's action for loss of consortium joined with his wife's claim for personal injuries. The District Court in *Morris* and the Third Circuit in *Wilson* and *Borror* were influenced by the Pennsylvania rules compelling the claims in issue to be tried in the same action.

6. Section 1301(e) of the 1965 draft of the American Law Institute's Study of the Division of Jurisdiction Between States and Federal Courts would codify the pendent jurisdiction principles adopted by the Third Circuit, but only in diversity cases in which the plaintiff invoking such jurisdiction is not a citizen of the state in which the action is brought. (§ 1302 (a).) Mrs. Chai could not invoke federal jurisdiction under the proposed ALI rule because she was a resident of Hawaii.

lanes of Kamehameha stopped to allow Mrs. Hymer to make her turn. She did not see any vehicles in the third lane and slowly began making her turn. Meanwhile, Mr. Chai was riding his motorcycle at about 32 miles per hour down the outside lane.

Neither party saw the other until just before the collision. Mr. Chai's motorcycle struck the right side of Mrs. Hymer's car. The motorcycle was demolished and Mr. Chai was seriously injured.

Mr. Chai's theory of liability was that he had the right of way and that Mrs. Hymer was negligent in failing to yield it to him. The court instructed the jury, in accordance with the Honolulu Traffic Code, that the driver of a vehicle making a left turn must yield the right of way to an approaching vehicle which is close enough to constitute an immediate hazard and further instructed that violation of that provision is evidence of negligence.

Mrs. Hymer contends that the court prejudicially erred in refusing her requested instruction "that a right of way is not absolute but at all times relative and subject to the fundamental doctrine that a party shall exercise the right so as to avoid any injury to himself and others." Both parties agree that the refused instruction correctly states the Hawaiian law. (State v. Arena (1963) 46 Haw. 315, 379 P.2d 594, 20 A.L.R.3d 450; Mossman v. Sherman (1938) 34 Haw. 477; Ferrage v. Honolulu R. T. & L. Co. (1917) 24 Haw. 87.)

Mr. Chai says that there was no error in refusing the instruction because its substance was adequately covered by the instructions given.

In addition to giving general instructions defining negligence and contributory negligence, the court told the jury that Mrs. Hymer had to yield the right of way to Mr. Chai "unless otherwise instructed" [7] and that the right of way is "a privilege" and not "a right." [8] The court's description of the right of way as a privilege and not a right simply does not convey to the jury the message contained in the rejected instruction. (Cf. Young v. Price (Haw.1968) 442 P.2d 67; Borowsky v. Honolulu R. T. Co. Ltd. (1926) 29 Haw. 188; Hustace v. Davis (1917) 23 Haw. 606).

The failure to give the requested instruction was prejudicial error. The evidence of negligence and contributory negligence was in delicate balance. Both parties at the time of trial recognized that the right of way question was the fulcrum of liability.

The judgment in favor of Mr. Chai is reversed; the judgment in favor of Mrs. Chai is reversed with directions to dismiss.

7. "Vehicles intending to turn left from a divided highway—and this is what Mrs. Hymer was doing—exit from which is made by means of a left turn deceleration lane constructed in the medial strip area, shall enter the deceleration lane and shall yield the right of way to approaching vehicles before proceeding with caution across the intersection and into the intersecting roadway, unless otherwise instructed."

8. "The driver of a vehicle within an intersection intending to turn left shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection, or so close thereto as to constitute an immediate hazard.

"We have to go back to the right of way again. What is the right of way? A right of way is a privilege. It doesn't say it is a right. It is a privilege, immediate priority of the use of the roadway.

"Attention to driving. Every operator of a motor vehicle shall exercise due care in the operation of such vehicle upon any street or highway in order to avoid collision with any person, vehicle or other property or on or off such street or highway."