**Simon KAUFMAN, Plaintiff,**

v.

**UNION PACIFIC RAILROAD COMPA-NY, a corporation, Southern Pacific Transportation Company, a corporation, Defendants.**

Civ. No. 72–527.

United States District Court, C. D. California.

Nov. 30, 1972.

Mortimer & Gray, Douglas G. Gray, Los Angeles, Cal., for plaintiff.

Still, Steiger & Cunningham (by R. Gregory Cunningham), Los Angeles, Cal., for defendant Southern Pacific Transp. Co.

Vorkink, Thomas & Sapp (by Michael Thomas), Los Angeles, Cal., for defendant Union Pacific Railroad Co.

MEMORANDUM OF DECISION AND ORDER

WILLIAM P. GRAY, District Judge.

The plaintiff in this action contends that, while in the course of his employment as a switchman for Union Pacific Railroad Company, he climbed aboard a moving freight car and attempted to stop it by applying the hand brake. The hand brake failed to operate properly, with the result that the car crashed into another freight car, and the impact caused the plaintiff to be thrown to the ground and severely injured. It appears that the car from which the plaintiff fell was owned by the Southern Pacific Transportation Company.

The plaintiff sues both his employer, Union Pacific, and Southern Pacific under the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. He also charges each defendant with violation of the Railroad Safety Appliance Act, 45 U.S.C. § 11, in that the car concerned was used without being equipped with an efficient hand brake.

Defendant Southern Pacific has moved that it be dismissed from the action on the ground of lack of this court's jurisdiction. In considering such motion, this court has already notified counsel of its ruling that no federal cause of action has been asserted against Southern Pacific, because the Federal Employers' Liability Act, by its very terms, does not apply to a non-employee, and because the Railroad Safety Appliance Act does not create a federal cause of action. Crane v. Cedar Rapids & Iowa City Railway Company, 395 U.S. 164, 89 S.Ct. 1706, 23 L. Ed.2d 176 (1969). It follows that·any recovery to which the plaintiff may be entitled against Southern Pacific would have to be based upon a state cause of action. Inasmuch as no diversity of citizenship is here involved, Southern Pacific's motion for dismissal must be granted unless the theory of pendent jurisdiction, upon which the plaintiff now relies, is here applicable.

■ The motion to dismiss has been taken under submission and has been briefed by the parties. The court now concludes that it may not assert pendent jurisdiction over any state related action against Southern Pacific, and that the latter's motion for dismissal must be granted.

This court is of the view that, assuming that the plaintiff can sustain his allegations, the entire case involves ". . . but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex." *See,* United ed Mine Workers v. Gibbs, 383 U.S. 715, 723, 86 S.Ct. 1130, 1136, 16 L.Ed.2d 218 (1966), quoting from Baltimore Steamship Company v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 71 L.Ed. 1069 (1927).

Also, it seems evident that considerations of reasonable convenience, financial economy, conservation of judicial time, and fairness to the parties strongly indicate that all of the claims growing out of the plaintiff's fall from the freight car should be litigated in one action.

Under these circumstances, it would appear that this case fulfills the test of pendent jurisdiction announced in the opinion in *Gibbs*:

> "The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." (383 U.S. at 725, 86 S.Ct. at 1138).

This court finds nothing in such a test that would necessarily exclude use of pendent jurisdiction to accomplish joinder of parties, particularly inasmuch as the *Gibbs* opinion said, with respect to the Federal Rules of Civil Procedure: "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, *parties* and remedies is strongly encouraged." (Emphasis added) (383 U.S. at 724, 86 S.Ct. at 1138). The opinion then referred to the tendency to narrow this concept in matters of pendent jurisdiction, as being an "unnecessarily grudging" approach, and then proceeded to announce the hereinabove quoted test.

I believe, also, that there is much merit in the reasoning in the opinion in Hipp v. United States, 313 F.Supp. 1152 (E.D. N.Y.1970), which invoked pendent jurisdiction under comparable circumstances.

However, I am obliged to conclude that the controlling decision in this Circuit is Hymer v. Chai, 407 F.2d 136 (9th Cir. 1969), which ruled that the doctrine of pendent jurisdiction applies to "joinder of claims, not joinder of parties". (Page 137). Although that case involved joinder of parties plaintiff, the principle is

**394**

necessarily at least as applicable to an attempt to join parties defendant. Rundle v. Madigan, 331 F.Supp. 492 (N. D.Cal.1971).

█ The plaintiff points to certain of the comments in the opinion in Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972) as ruling that, even in light of *Hymer*, the matter of using pendent jurisdiction to permit joinder of defendants is within the field of judicial discretion. I cannot agree. The *Hymer* decision reversed the trial judge in having allowed such joinder, and *Moor* specifically declined to recede from the rule announced in *Hymer*.

Accordingly, the motion of defendant Southern Pacific Transportation Company that it be dismissed from the action is hereby granted.

In view of the possibility that the Court of Appeals might agree with this court that the *Hymer* doctrine is unduly restrictive when applied to the situation here concerned, the present order is certified as being appropriate for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), in the event that the plaintiff desires to prosecute such an appeal.