William F. **MARTIN** et al., Plaintiffs,
v.
**PARKHILL PIPELINE, INC.**, a corporation, et al., Defendants.

No. 71 C 2011.

United States District Court,
N. D. Illinois, E. D.

Sept. 6, 1973.

Bernard M. Baum and Walter J. Reum, Shulman & Baum, Chicago, Ill., for plaintiffs.

William J. Winger, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for Natural Gas.

Stephen M. Hallenbech, Gilmartin, Wisner & Hallenbech, Ltd., Chicago, Ill., for Great American.

## MEMORANDUM OPINION
## AND ORDER

BAUER, District Judge.

This cause comes on the motion of certain defendants to dismiss the instant complaint.

This is an action to recover damages for the breach of a collective bargaining agreement.

Jurisdiction is allegedly based on Section 301 of the Labor Management Relation Act, 29 U.S.C. § 185(a).

The plaintiffs are trustees of the Midwest Operating Engineers Welfare Fund and trustees of the Midwest Operating Engineers Pension Trust Fund ("plaintiff trustees"). The plaintiffs are trustees pursuant to the terms and provisions of the Agreement and Declaration of Trust for Pension and Welfare Funds established pursuant to a collective bargaining agreement entered into between International Union of Operating Engineers, Local 150 and certain employer associations, whose members employ members of that union. The trusts are required to be maintained and administered in accordance with the provisions of the Labor-Management Relations Act of 1947, as amended, and other applicable state and federal laws.

The defendant Parkhill Pipeline, Inc. ("Parkhill") is an employer engaged in an industry affecting commerce, which employs or has employed members of the aforesaid union, or other local unions of International Union of Operating Engineers, and has allegedly agreed to be bound by the relevant collective bargaining agreements. The Great American Insurance Company ("Great American") and Natural Gas Pipeline Company of America ("Natural Gas") are also defendants in this action even though they are not parties to the relevant collective bargaining agreement. Great American and Natural Gas have filed the instant motion to dismiss.

The plaintiff, in the complaint, alleges the following facts, *inter alia:*

1. The defendant Parkhill was an employer engaged in an industry affecting commerce and was signatory to a collective bargaining agreement with the International Union of Operating Engineers, known as the National Pipeline Agreement, under which it was required to submit welfare and pension contributions, with monthly contribution reports, to the plaintiff trustees when said employer engaged in work covered by that agreement. By virtue of the provisions contained in the collective bargaining agreements to which defendant is bound, the defendant did promise and become obligated to make contributions to the funds on behalf of its employees for each hour worked or for which wages were received. Defendant Parkhill has violated the obligations on defendant's part, in that defendant has failed to pay to Midwest Operating Engineers Welfare Fund and Midwest Operating Engineers Pension Trust Fund the sum of $4,586.00, determined to be due upon the monthly contribution reports submitted by the defendant up to and including the month of September, 1969, together with the additional sum thereon, and costs, expenses, and fees incurred by the trustees all as in the Agreement and Declaration of Trust governing such funds set forth.

2. On or about April 18, 1969 the defendants Parkhill and Natural Gas entered into a contract for the performance of certain work under the jurisdiction of the International Union of Operating Engineers. On or about April 27, 1969 the defendant Great American, as surety, made, executed and delivered for the defendant Parkhill a Labour and Material Bond numbered 2–83–19–29, in favor of defendant Natural Gas, as the obli-

gee thereunder. The obligation of said bond is to secure that Parkhill, as principal, make payment to all claimants (as described in the bond) for all labor and materials used or reasonably required for use in the performance of the contract entered into between the defendants Parkhill and Natural Gas. The bond is in the penal sum of $2,050,000.00. On or about the 26th day of February, 1970 the defendant Great American was duly notified of the failure on the part of the defendant Parkhill to make payment of the required contributions to each of the funds administered by plaintiffs. Notwithstanding the continued failure and refusal of the defendant Parkhill to make payment of the required contributions to the funds administered by the plaintiffs, defendant Great American refused and continues to refuse to pay the same to plaintiffs, all contrary to and in violation of its obligations and undertakings under the aforesaid Labour and Material Bond.

3. By the express terms of the Labour and Material Bond, No. 2–83–19–29, issued by the defendant Great American, it names as the obligee thereunder, Natural Gas *qua* trustee, for the use and benefit of the claimant thereunder. The bond and the trust created thereby was duly accepted by the defendant Natural Gas. Thus Natural Gas became bound to administer and execute the trust created thereby in accordance with the terms of the aforesaid bond. On or about February 26, 1970 the defendant Natural Gas was duly notified that the defendant Parkhill had failed to make payment to the plaintiff of the required contributions to the Midwest Operating Engineers Welfare Fund and the Midwest Operating Engineers Pension Trust Fund, all as required by the terms of the collective bargaining agreement. On February 10, 1970 the defendant Natural Gas was served with notice of a tax lien against the defendant Parkhill by the Internal Revenue Service. Nevertheless, Natural Gas informed the plaintiffs that it had retained and had in its possession certain funds due to the defendant Parkhill which were not paid over because of the failure of Parkhill to provide proper proof of payment by it. The plaintiffs are without knowledge as to whether sums retained by the defendant Natural Gas will be sufficient to meet the claim asserted by the Internal Revenue Service and the amount due them. At all times these plaintiffs were led to believe that funds retained by the defendant Natural Gas were to be for the payment of labor and material as required under the contract between Natural Gas and Parkhill and accordingly no action would be required of plaintiffs under the aforesaid Labour and Material Bond issued by the defendant Great American. Natural Gas was duly notified of the failure of the defendant Parkhill to make payment of the required contributions to the plaintiffs. Natural Gas failed in its duty to act with care and diligence to reduce to its possession sufficient funds under the aforesaid bond, to secure to these plaintiffs the benefit of which they were entitled as beneficiaries under said bond. At no time has defendant Natural Gas, as trustee and obligee under the Labour and Material Bond, taken necessary and proper action to enforce the liability of the defendant Great American, as surety under the bond. As a result of its breaches of fiduciary duties imposed upon the de-

fendant Natural Gas, these plaintiffs may be denied their remedies against the defendant Great American all to their damage in the amount of $4,596.00.

The defendants Natural Gas and Great American in support of their motions to dismiss the complaint contend:

1. that this Court lacks subject matter jurisdiction over the defendants;

2. that the plaintiff has failed to state a cause of action against the defendants; and

3. that the plaintiffs are not entitled to recovery under the instant bond.

The plaintiffs in opposition to the instant motion contend that this Court does have subject matter jurisdiction over the instant controversy and defendants.

It is the opinion of this Court that it lacks subject matter jurisdiction over the defendants Great American and Natural Gas, and the plaintiffs have failed to sufficiently allege facts which give this Court pendent jurisdiction.

## I. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE DEFENDANTS GREAT AMERICAN AND NATURAL GAS.

██ Plaintiff alleges that jurisdiction is founded upon the existence of questions arising under the Labor-Management Relations Act, as amended, 29 U.S.C. § 185(a). For there to be jurisdiction under 29 U.S.C. § 185(a) the following essential elements must be met: (a) the action must involve a violation of a contract or collective bargaining agreement entered into between an employer and a labor organization and (b) the suit must be between the employer and a labor organization. The defendants Natural Gas and Great American were not parties to the labor agreement plaintiff seeks to enforce by this action. Thus the defendants Great American and Natural Gas are not proper parties to this action pursuant to 29 U.S.C. § 185(a). Baker v. Fleet Maintenance, Inc., 409 F.2d 551 (7th Cir. 1969); United Mine Workers of America, District 222 v. Roncco, 232 F.Supp. 865 (D. Wyo.1964); Schatte v. International Alliance of Theatrical State Employees, 84 F.Supp. 667 (S.D.Col.1949). It is clear from the facts in this case that the recovery sought by the plaintiffs from defendants Great American and Natural Gas is in the nature of recovery under the Labour and Material Payment Bond furnished by Great American as surety with Parkhill as principal pursuant to Parkhill's contract with Natural Gas for construction of a pipeline in the State of Illinois.

Accordingly any controversy between defendants Great American and Natural Gas and the plaintiffs would center on the bond and not the collective bargaining agreement between the respective employer Parkhill and the union.

Thus the plaintiffs' contention that this Court has subject matter jurisdiction over its dispute with Natural Gas and Great American is without merit and the defendants' motions to dismiss should be granted.

## II. THE PLAINTIFFS HAVE FAILED TO ALLEGE ANY FACTS WHICH WOULD GIVE THIS COURT PENDENT JURISDICTION.

The plaintiffs in their complaint do not even allege that this Court has pendent jurisdiction over defendants Natural Gas and Great American let alone facts which would support such a finding. Some federal courts in cases brought under 29 U.S.C. § 185(a) have found pendent jurisdiction over contracts arising out of the collective bargaining process and a common nucleus of operative facts. Connecticut General Life Insurance Company v. Craton, 405 F.2d 41 (5th Cir. 1968); United Steelworkers v. Mesker Bros. Industries, 457 F.2d 91 (8th Cir. 1972); Upholsterer's International Union v. American Pad and Textile Company, 372 F.2d 427 (6th

Cir. 1967); Williams v. Wisconsin Barge Line, Inc., 416 F.2d 28 (7th Cir. 1969).

It is clear to this Court that the plaintiffs have failed to allege any fact which would show that the bond in question was predicated on a collective bargaining agreement or arose out of a common nucleus of operative facts. Further, a cursory reading of the bond indicates that it is simply a material and labor bond securing Natural Gas against any claims or liens that might be asserted for materials used or labor performed in connection with the construction of the pipeline, and was not in any way related to the collective bargaining agreement between the employer Parkhill and the union.

It is apparent that the plaintiffs in the claim against Great American and Natural Gas fail to set forth any fact that would give this Court pendent jurisdiction.

Accordingly it is hereby ordered that the motion of defendants Natural Gas and Great American to dismiss the complaint as to these two defendants is granted.