UNITED PACIFIC/RELIANCE INSUR-
ANCE COMPANIES, Formerly United
Pacific Insurance Company, a Washing-
ton corporation, and Reliance Insurance
Company, a Pennsylvania corporation
now merged, et al., Plaintiffs,

v.

CITY OF LEWISTON, a municipal
corporation, Defendant.

Civ. No. 3-72-45.

United States District Court,
D. Idaho.

Feb. 20, 1974.

lowed to rekindle, damaging their insured's property and therefore obligating the plaintiffs to pay differing sums of money under the various insurance policies which covered the loss. In Count I Reliance Insurance Company seeks to recover approximately $92,000.-00. In Counts II and III United Pacific Insurance Company seeks to recover a total of approximately $34,000.00. Central National Insurance Company seeks to recover approximately $141,000.00 in Count IV, Pacific States Underwriters, a total of approximately $8,200.00 in Count V and VI, St. Paul Fire & Marine Ins. Co., approximately $5,400.00 in Count VII and Continental Insurance Co. $4,700.00 in Count VIII.

Jerry V. Smith, Lewiston, Idaho, for plaintiffs.

William A. Stellmon, Ware, Stellmon & O'Connell, Lewiston, Idaho, for defendant.

## MEMORANDUM AND ORDER

ANDERSON, District Judge.

This diversity case is presently before the court upon defendant's motion to dismiss Counts II, V, VI, VII and VIII and the plaintiffs named therein for failure of the same to satisfy the jurisdictional amount requirement of 28 U.S. C. § 1332(a). The motion and the briefs of the parties raise two issues:

1. Whether plaintiffs, whose claims against the City of Lewiston are properly joined under Rule 20, may aggregate their claims so as to satisfy the jurisdictional amount requirement of 28 U.S.C. § 1332(a); and, if not:

2. Whether those plaintiffs not meeting the jurisdictional amount requirement may nonetheless remain in the action under the theory of ancillary or pendent jurisdiction.

The plaintiffs have joined in this action to recover money paid to their various insureds as a result of fire damage. The plaintiffs allege that due to the negligence of the City of Lewiston, a fire in the downtown area of Lewiston was al-

### THE MOTION AS TO COUNT II.

Defendant's motion to dismiss for failure to meet the jurisdictional requirements may easily be denied as to Count II. Although United Pacific only seeks to recover some $5,000.00 in Count II, it seeks to recover some $29,000.00 in Count III. A single plaintiff may join as many claims as he may have against a defendant in one action. Federal Rules of Civil Procedure 18(a). Similarly, that single plaintiff may aggregate those various claims to meet the jurisdictional requirements of 28 U.S.C. § 1332(a). Adams v. State Farm Mutual Auto Insurance Co., 313 F.Supp. 1349 (D.C.Miss., 1970); Moore's Federal Practice ¶ 0.97, p. 882.

### AGGREGATION OF CLAIMS OF MULTIPLE PLAINTIFFS AGAINST SINGLE DEFENDANT.

Whenever two or more plaintiffs having separate and distinct claims properly join in bringing one action against a single defendant, it is settled law that each plaintiff must satisfy the relevant jurisdictional amount requirements. The separate and distinct claims cannot be joined with another or be aggregated so as to satisfy the jurisdictional amount. Troy Bank v. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81 (1911); Pinel v. Pinel, 240 U.S. 594,

36 S.Ct. 416, 60 L.Ed. 817 (1916); Snyder v. Harris, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969); Zahn v. International Paper Company, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). However, if the several plaintiffs join to enforce a single title or right in which each has an undivided interest, it is enough if their individual claims collectively satisfy the jurisdictional amount. Troy Bank v. Whitehead & Co., supra.

The reasoning behind the decisions which do not permit aggregation has turned not on interpretation of the particular procedural rule allowing joinder of plaintiffs, but on the meaning of the phrase "matter in controversy" in 28 U.S.C. § 1332(a). Snyder v. Harris, supra. The Supreme Court has held steadfastly to Rule 82 of the Federal Rules of Civil Procedure which provides that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the United States district courts . . .", refusing to allow any of the procedural rules to dictate the interpretation of the phrase "matter in controversy". Thus the interpretation that if the claims are separate and distinct, each claim is a "matter in controversy" which must satisfy the jurisdictional amount.

■ In this case each individual plaintiff alleges a claim against the City of Lewiston due to the City's negligence. Each claim is separate and distinct, arising out of a separate contract with each insured whose property was damaged by fire. It is interesting to note that each of the plaintiffs who do not individually allege a claim of greater than $10,000.00 insure the same business, i. e., The Smoke Shop. But be that as it may, each claim is a separate one and each must exceed $10,000.00, exclusive of interest and costs. Since the plaintiff insurance companies in Counts V, VI, VII and VIII do not meet the $10,000.00 requirement, their claims may not be aggregated with the claims of other plaintiffs who satisfy the requirement.

## ANCILLARY OR PENDENT JURISDICTION

The plaintiffs do not urge that their claims should be aggregated. Instead they contend that irrespective of the inability of three of the plaintiffs to meet the required jurisdictional amount, the court should nonetheless retain jurisdiction of their claims on the theory of ancillary or pendent jurisdiction.

■ The question of pendent jurisdiction necessarily involves two issues: Whether the court has the power to exercise pendent jurisdiction and, if so, whether, considering additional factors, it should be exercised in the particular case before the court. The leading case on the subject is United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

"Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . . ,' U.S.Const. Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court . . . The state and federal claims must derive a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding then, assuming substantiality of the federal issues there is power in federal courts to hear the whole. That *power* need not be exercised in every case in which it is found to exist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in consideration of judicial economy, convenience and fairness to litigants;

. . . ." 383 U.S. at 725, 726, 86 S.Ct. at 1138.

Therefore, the question initially becomes whether this court has the power to exercise pendent jurisdiction in a diversity case in order to retain jurisdiction, not of pendent claims only, but of pendent parties and their claims.

*Gibbs* differs from the instant case in two ways. First, *Gibbs* was a suit by a single plaintiff, and, second, one of the multiple claims of the plaintiff was a federal claim. In this case there are multiple plaintiffs and there is no federal question involved. However, much of the language in *Gibbs* dealing with judicial economy and convenience would lend this suit applicable to the *Gibbs* rule. This is a case where all plaintiffs have been properly joined under F.R.Civ.P. 20 and all of the plaintiffs' claims arise from a single operative fact, i. e., the alleged negligence of the City.

The law on the question of the power of a court to exercise pendent jurisdiction over parties not asserting independent federal jurisdiction appears to be split, if not in a state of confusion. See Wright, Law of Federal Courts, § 36, p. 124 and the cases footnoted therein (2nd Ed. 1970) and 3A Moore's Federal Practice, 1973 Supp. ¶18.07 n. 22–29 and [1.–4]. In some circuits, the lack of a federal question to which a state claim can be said to be pendent has not been held to be defeating. Ibid. However, regardless of what the authority may be in other circuits, this court appears to be bound by Hymer v. Chai, 407 F.2d 136 (9th Cir., 1969) and Moor v. Madigan, 458 F.2d 1217 (9th Cir. 1972), affirmed in Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

In *Hymer* the wife of the plaintiff husband joined in his personal injury action properly brought on diversity grounds and claimed in her own right $7500.00 for loss of consortium, contending the court had pendent jurisdiction of her cause of action. Reversing the District Court's allowance of the wife's claim under pendent jurisdiction, the Ninth Circuit Court recognized contrary authority in other circuits, but held:

"Joinder of claims, not joinder of parties, is the object of the doctrine. It was not designed to permit a party without a federally cognizable claim to invoke federal jurisdiction by joining a different party plaintiff asserting an independent federal claim growing out of the same operative facts." Id. 407 F.2d at 137.

In Moor v. Madigan, supra, several plaintiffs brought an action against several sheriff's deputies, the sheriff and the County of Alameda, alleging civil rights claims under 42 U.S.C. §§ 1981–1988 and pendent state claims under state law. Both the federal and the state claims against the county were predicated on vicarious liability for the actions of the sheriff's deputies in handling a demonstration. The county moved to dismiss all claims against it on the grounds that it was not a person under the act and therefore since the federal claim could not be maintained against it, the pendent state claims should also be dismissed. Thus, although the case is not one involving diversity and pendent jurisdiction as they relate to the case here, it is nonetheless analogous because it involves a pendent party, i. e., the pendent jurisdiction theory was used to attempt to retain a party against whom no independent federal jurisdiction existed. The Court again held to *Hymer* and the notion that pendent jurisdiction was available only to join claims, not parties. However, the court did somewhat back off from its position by saying that regardless of the power question, other circumstances in line with the *Gibbs* judicial economy and convenience rules warranted a discretionary refusal by the District Court to hear the state claim against the county.

The *Moor* case was appealed. Moor v. County of Alameda, supra. In affirming the Court of Appeals, the Supreme Court reiterated the *Gibbs* rule on pendent jurisdiction, but dodged the difficult question of the power of a federal

court to invoke the doctrine to exercise jurisdiction over a pendent party:

"As to the question of judicial power, the District Court and Court of Appeals considered themselves bound by the Ninth Circuit's previous decision in Hymer v. Chai, 407 F.2d 136 (1969), wherein the court refused to permit the joinder of a pendent plaintiff. Petitioners vigorously attack the decision in *Hymer* as at odds with the clear trend of lower federal court authority since this Court's decision in *Gibbs*. It is true that numerous decisions throughout the courts of appeals since *Gibbs* have recognized the existence of judicial power to hear pendent claims involving pendent parties where 'the entire action before the court comprises but one constitutional "case"' as defined in *Gibbs*. *Hymer* stands virtually alone against this post-*Gibbs* trend in the courts of appeals, and significantly *Hymer* was largely based on the Court of Appeals' earlier decision in Kataoka v. May Department Stores Co., 115 F.2d 521 (CA9 1940), a decision which predated *Gibbs* and the expansion of the concept of pendent jurisdiction beyond the narrow limits set by Hurn v. Oursler, *supra*. Moreover, the exercise of federal jurisdiction over claims against parties as to whom there exists no independent basis for federal jurisdiction finds substantial analogues in the joinder of new parties under the well-established doctrine of ancillary jurisdiction in the context of compulsory counterclaims under Fed. Rules Civ.Proc. 13(a) and 13(h), and in the context of third-party claims under Fed.Rule Civ.Proc. 14(a). At the same time, the County counsels that the Court should not be quick to sweep state law claims against an entirely new party within the jurisdiction of the lower federal courts which are courts of limited jurisdiction—a jurisdiction subject, within the limits of the Constitution, to the will of Congress, not the courts. Whether there exists judicial power to hear the state law claims against the County is, in short, a subtle and complex question with far reaching implications. But we do not consider it appropriate to resolve this difficult issue in the present case, for we have concluded that even assuming *arguendo* the existence of power to hear the claim, the District Court, in exercise of its legitimate discretion, properly declined to join the claims against the County in these suits." 93 S.Ct. at 1797–1799.

■■■ The recent U.S. Supreme Court case dealing with aggregation of claims under F.R.Civ.P. 23(b)(3), Zahn v. International Paper Co., supra, may give some aid in resolving the issue. It is important that *Zahn* was decided after *Moor*. Though argued to the court by the parties (42 L.W. 3233–3234) and dealt with extensively in the dissent, the majority (6–3) in *Zahn* does not discuss or mention pendent or ancillary jurisdictional concepts. Diversity jurisdiction there, as here, was invoked under 28 U.S.C. Sec. 1332(a), and involved state law claims for property damage and not federal claims or questions. It may be concluded that the majority rejected the pendent or ancillary approach as a valid basis for jurisdiction in diversity cases where only state and not federal law is invoked, and that each party plaintiff must still satisfy the jurisdictional amount as to the "matter in controversy". A reading and rereading of *Zahn* and its forebears leads this court to the conclusion that no district court discretion is involved in this particular context. It is simply a "power" or jurisdictional situation and there can be no pendent nor ancillary jurisdiction. Perhaps this is making too much out of silence, but the conclusion seems logical and compelling.

Were this case to be decided on practicalities, the result would seem to point to the exercise of jurisdiction. This court, should the matter go through trial, will be required to hear the entire case with or without the three additional plaintiffs. It cannot be said that an action in state court and one in federal

court involving the same questions of ultimate fact against the same defendant, promotes judicial economy and is convenient to the litigants, plaintiff or defendant. The doctrine of collateral estoppel, after one case goes to trial and judgment is entered, would appear to dictate the result of the other action. See Annot. 31 A.L.R.3d 1044. However, the Ninth Circuit cases appear to be, at least from the District Court level, King of the Mountain. Either the Supreme Court or Congress must provide a different conclusion.

It is ordered that defendant's motion to dismiss be, and it is hereby, granted as to Pacific States Underwriters (Counts V and VI), St. Paul Fire & Marine Insurance Co. (Count VII) and Continental Insurance Company (Count VIII).