The TRUSTEES OF the COLORADO PIPE INDUSTRY EMPLOYEE BENEFIT FUNDS, express trusts, Plaintiffs,

v.

COLORADO SPRINGS PLUMBING AND HEATING COMPANY, a Colorado Corporation, and the Houston General Insurance Company, a Texas Corporation, Defendants.

Civ. A. No. 74–871.

United States District Court, D. Colorado.

Jan. 28, 1975.

Hornbein, MacDonald & Fattor by Martin D. Buckley, Denver, Colo., for plaintiffs.

Hindry & Meyer by Richard S. Hays, Denver, Colo., for defendants.

## OPINION AND ORDER

CHILSON, District Judge.

Plaintiffs, trustees of five Colorado Pipe Industry Employee Benefit Trust Funds, seek to recover trust fund contributions allegedly due and owing from defendant Colorado Springs Plumbing and Heating Company (CSPH) as principal and Houston General Insurance Company as surety. Plaintiffs claim that CSPH is responsible for these contributions under the terms of a collective bargaining agreement executed by and between CSPH and Plumbers Local Union No. 3.

As security for the performance of its obligations under the collective bargaining agreement, CSPH, as principal, obtained a payment bond from Houston General, as surety, in the amount of $10,000.00. Houston General thus became bound to pay, to the extent of

$10,000.00, in the event CSPH defaulted in its obligation to make contributions to the trust funds. See plaintiffs' brief at p. 4, nt. 2.

Presently before the Court is Houston General's motion to dismiss the complaint for lack of subject matter jurisdiction over plaintiffs' claim against it, together with a supporting brief. Specifically Houston General contends that it is not a proper defendant under 29 U.S.C. § 185(a) since it is not a party to "a contract between an employer and a labor organization" within the purview of that section. Houston General further contends that this Court cannot predicate jurisdiction upon 28 U.S.C. § 1332 (diversity of citizenship) since, although this is an action between "citizens of different States," the amount in controversy relative to Houston General does not exceed "the sum or value of $10,000 exclusive of interest and costs."

In their memorandum in opposition to Houston General's motion, plaintiffs maintain that the payment bond is a contract between an employer and a labor organization since it is inextricably interwoven with and required by the collective bargaining agreement between CSPH and Plumbers Local No. 3. Plaintiffs further assert that "in any event, the Court has pendent jurisdiction over the claim by reason of its close relationship to plaintiffs' claim against [CSPH], both of which claims arise out of [CSPH's] breach of the basic collective bargaining contract." See plaintiffs' brief at p. 2.

Houston General's reply to plaintiffs' pendent jurisdiction theory is twofold. First, Houston General argues that pendent jurisdiction permits joinder of related federal and non-federal claims, but that the doctrine does not permit joinder of parties. Thus, since plaintiffs have asserted no viable federal claim against Houston General, Houston General cannot be made a defendant in this action.

Second, Houston General contends that even if the doctrine of pendent jurisdiction were applicable, the Court, in its discretion, should refuse to exercise its power here. In this connection, Houston General points out that defendant CSPH is a party to Bankruptcy Proceeding No. 73–1198. Thus,

"[t]he only claim of real substance in Plaintiffs' complaint is their claim against Houston General on the bond. Since a stay order will probably issue from the Bankruptcy Court halting any action against [CSPH], plaintiffs' claim that failure to exercise its pendent jurisdiction will force a 'needless duplication of litigation' is not supported by the facts of this case."

See Houston General's supplemental memorandum at pp. 3–4.

Houston General's motion to dismiss should be denied.

Plaintiffs properly premise jurisdiction of their claim against CSPH upon 29 U.S.C. § 185(a), [Labor Management Relations Act § 301(a)]. The question before the Court is whether plaintiffs' complaint is sufficient for the Court to assert jurisdiction over their claim against Houston General.

## I. JURISDICTION UNDER 29 U.S.C. § 185(a)

29 U.S.C. § 185(a) provides:

"Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ., or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

 Houston General is neither an employer nor a labor organization within the meaning of this section. Nor is Houston General a party to the collective bargaining agreement between CSPH and Plumbers Local Union No. 3. Thus the Court has no jurisdiction over plaintiffs' claim against Houston General under 29 U.S.C. § 185(a). See Bowers v. Ulpiano Casal, Inc., 393 F.2d 421 (1st Cir. 1968).

**74**

## II. JURISDICTION UNDER 28 U.S.C. § 1332

■ While it is clear that plaintiffs and Houston General are "citizens of different States," the amount in controversy relative to Houston General does not exceed $10,000.00. Thus jurisdiction cannot be predicated upon 28 U.S.C. § 1332. See Rafter v. Newark Insurance Co., 355 F.2d 185, 186 (2d Cir.), cert. denied, 385 U.S. 828, 87 S.Ct. 60, 17 L. Ed.2d 63 (1966).

## III. PENDENT JURISDICTION

■ In United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Supreme Court explained the power of the district courts to exercise pendent jurisdiction as follows:

"Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . .,' . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court. . . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole." (footnotes omitted)

There can be no question that plaintiffs' claims against CSPH and Houston General "derive from a common nucleus of operative fact." The collective bargaining agreement required CSPH to obtain a payment bond, and the bond specifically binds Houston General to make contributions to the funds referred to in the collective bargaining agreement upon default by CSPH.

The only question as to the power of the Court to exercise pendent jurisdiction is whether the doctrine properly can be used to hear plaintiffs' pendent claim against Houston General, a so-called "pendent party," against whom no federal claim is stated. This is a "subtle and complex question with far-reaching implications." Moor v. County of Alameda, 411 U.S. 693, 715, 93 S.Ct. 1785, 1799, 36 L.Ed.2d 596 (1973) See generally 3A Moore's Federal Practice Paragraph 18.08 [1.–4] (1973 Supp.); Comment, 73 Colum.L.Rev. 153 (1973); Note, 81 Harv.L.Rev. 657, 662–64 (1968).

While the Supreme Court ultimately found it unnecessary to resolve the question in Moor v. County of Alameda, *supra,* Mr. Justice Marshall, speaking for the Court, extensively discussed the matter:

"[T]he exercise of pendent jurisdiction over the claims [in this case] would require us to bring an entirely new party—a new defendant—into each litigation. *Gibbs,* of course, involved no such problem of a 'pendent party,' . . . ..

". . . It is true that numerous decisions throughout the courts of appeals since *Gibbs* have recognized the existence of judicial power to hear pendent claims involving pendent parties where 'the entire action before the court comprises but one constitutional "case"' as defined in *Gibbs.* *Hymer* [v. Chai, 407 F.2d 136 (9th Cir. 1969)] stands virtually alone against this post-*Gibbs* trend in the courts of appeals, and significantly *Hymer* was largely based on the Court of Appeals' earlier decision in Kataoka v. May Department Stores Co., 115 F.2d 521 (CA 9 1940), a decision which predated *Gibbs* and the expansion of the concept of pendent jurisdiction beyond the narrow limits set by Hurn v. Oursler, [289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933)]. Moreover, the exercise of federal ju-

risdiction over claims against parties as to whom there exists no independent basis for federal jurisdiction finds substantial analogues in the joinder of new parties under the well-established doctrine of ancillary jurisdiction in the context of compulsory counter-claims under Fed.Rules Civ. Proc. 13(a) and 13(h), and in the context of third-party claims under Fed. Rule Civ.Proc. 14(a)." (footnotes omitted)

See Pipeliners Local Union No. 798, Tulsa, Oklahoma v. Ellerd, 503 F.2d 1193, 1198 (10th Cir. 1974) (permitting joinder of pendent parties in the context of ancillary jurisdiction over counterclaims).

As Mr. Justice Marshall indicated, the overwhelming weight of the post-*Gibbs* authority permits the joinder of pendent parties where the general requirements of *Gibbs* are met.[1]

As Mr. Justice Marshall also indicated, the Ninth Circuit Court of Appeals stands virtually alone against this substantial weight of post-*Gibbs* authority. See Hymer v. Chai, *supra*.[2]

The better reasoned resolution of the problem, allowing joinder of pendent parties, is reflected by Judge Friendly in Astor-Honor, Inc. v. Grosset & Dunlap, Inc., *supra* 441 F.2d at 629–630:

"Although the pendent claim in *Gibbs* did not include a party not named in the federal claim, Mr. Justice Brennan's language and the common sense considerations underlying it seem broad enough to cover the problem also. . . . A plaintiff with claims against [several defendants] for the same set of acts 'would ordinarily be expected to try them all in one judicial proceeding,' assuming that all defendants were subject to the process of the court. . . ."

Adopting this rationale, this Court has the power to exercise pendent jurisdiction over plaintiffs' claim against Houston General as surety.

Houston General next asserts that even if the Court has the power to exercise pendent jurisdiction in this case, the Court should, in its discretion, decline to exercise the power. As the Court stated in *Gibbs, supra,* 383 U.S. at 726, 86 S.Ct. at 1139:

"That power need not be exercised in every case in which it is found to ex-

1. Gonzalez v. Doe, 476 F.2d 680, 686 (2d Cir. 1973) ; Almenares v. Wyman, 453 F.2d 1075, 1083 (2d Cir. 1971), cert. denied, 405 U.S. 944, 92 S.Ct. 962, 30 L.Ed.2d 815 (1972) ; Leather's Best, Inc. v. S. S. Mormaclynx, 451 F.2d 800 (2d Cir. 1971) ; Nelson v. Keefer, 451 F.2d 289, 291 n. 4 (3d Cir. 1971) ; Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627, 629–630 (2d Cir. 1971) ; F. C. Stiles Contracting Co. v. Home Insurance Co., 431 F.2d 917 (6th Cir. 1970) ; Beautytuft, Inc. v. Factory Ins. Ass'n, 431 F.2d 1122 (6th Cir. 1970) ; Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 817 (8th Cir. 1969) (opinion by Judge Blackmun) ; Stone v. Stone, 405 F.2d 94 (4th Cir. 1968) ; Connecticut General Life Insurance Co. v. Craton, 405 F.2d 41 (5th Cir. 1968) ; Jacobson v. Atlantic City Hospital, 392 F.2d 149 (3d Cir. 1968) ; Wilson v. American Chain & Cable Co., 364 F. 2d 558 (3d Cir. 1966) ; Thompson v. Montemuro, 383 F.Supp. 1200, 1208 (E.D.Pa.

1974) ; Bolger v. Laventhol, Krekstein, Horwath & Horwath, 381 F.Supp. 260, 268 (S. D.N.Y.1974) ; Shippers & Receivers Coop. Ass'n, Inc. v. Penn Central Transportation Co., 355 F.Supp. 949 (E.D.Pa.1973) ; Gabel v. Hughes Air Corp., 350 F.Supp. 612, 624 (C.D.Cal.1972) ; Eidschun v. Pierce, 335 F. Supp. 603 (S.D.Iowa 1971).

2. See also Drennan v. City of Lake Forest, 356 F.Supp. 1277, 1280 (N.D.Ill.1972) ; Anthony v. Cleveland, 355 F.Supp. 789, 793 (D.Haw.1973) ; Kaufman v. Union Pacific Railroad Co., 351 F.Supp. 392 (C.D.Cal. 1972) ; Redden v. Cincinnati, Inc., 347 F. Supp. 1229 (N.D.Ga.1972) ; Payne v. Mertens, 343 F.Supp. 1355 (N.D.Cal.1972) ; Barrows v. Faulkner, 327 F.Supp. 1190 (N. D.Okl.1971) ; Letmate v. Baltimore and Ohio Railroad, 311 F.Supp. 1059 (D.Md.1970) ; Cf. Martin v. Parkhill Pipeline, Inc., 364 F. Supp. 474 (N.D.Ill.1973).

ist. It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them."

Houston General advances only one reason militating against the exercise of jurisdiction over the pendent claim in this case, i. e., the impending bankruptcy of CSPH. Houston General argues that if an order staying actions against CSPH is issued by the Bankruptcy Court, Houston General will be the only remaining defendant herein, thereby defeating the purposes of applying the pendent jurisdiction doctrine in the first place.

At present no such stay order has been issued by the Bankruptcy Court. It would thus be premature to speculate as to the effect of such an order if and when it is issued.

As the case now stands, it is clear that plaintiffs' claims against CSPH and Houston General arise from a common nucleus of operative facts. The legal liability of both defendants is the same, although it may differ in amount. If CSPH is held responsible, Houston General's liability follows therefrom. If CSPH is held not responsible, Houston General is likewise relieved of liability. Thus, it appears that plaintiffs' claims against both defendants comprise "one constitutional case," *Gibbs, supra,* and should be disposed of in one proceeding. This is an appropriate case for the Court to exercise its discretionary power under the doctrine of pendent jurisdiction.

It is therefore ordered that the motion of The Houston General Insurance Company to dismiss the action as to it is hereby denied and it shall answer the complaint within fifteen days.