**Gordon GAISON, Plaintiff,**

v.

**Michael SCOTT et al., Defendants.**

**Civ. No. 72-3712.**

United States District Court,
D. Hawaii.

June 8, 1973.

**348**

David Bettencourt, Honolulu, Hawaii, for plaintiff.

Wallace S. Fujiyama, James E. Duffy, Jr., Honolulu, Hawaii, for defendants Scott & Keliinoi.

Robert M. Rothwell, Deputy Corp. Counsel, Honolulu, Hawaii, for defendant City and County of Honolulu.

## ORDER DISMISSING PARTY AND GRANTING DISCOVERY and MEMORANDUM

SAMUEL P. KING, District Judge.

This is an action to recover damages under 42 U.S.C. § 1983[1] for injuries allegedly sustained as a consequence of police brutality in the arrest of plaintiff on August 12, 1971.[2] Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff has moved this court for an Order requiring Defendant City and County of Honolulu (hereinafter referred to as "City")[3] to produce and permit plaintiff to inspect and copy each of the following documents: (1) all "arrest reports, follow-up reports or closing reports" in the possession of the Honolulu Police Department (hereinafter "Department"), an agency of Defendant City, concerning plaintiff's arrest; (2) all "special reports" made in connection with the arrest or in connection with the investigation conducted by the Patrol Division or Inspection Division of the Department "concerning the incidents of August 12, 1971"; and (3) all documents in the possession of the Department "which relate in any way to the arrest, detention, booking, or complaint against the Police Department by Plaintiff. . . ." The City has declined to produce these documents on the ground that they are confidential and privileged.

The question before the court is whether, or to what extent, the City's assertion of executive privilege may be utilized to prevent discovery under the federal rules.

■■ Initially, I must consider the statutory requirements for maintaining this suit against the City under the civil rights statutes. Lack of subject matter jurisdiction is never waived, and if such lack of jurisdiction appears at any time in the case, the court must dismiss the

---

1. 42 U.S.C. § 1983 reads, in pertinent part, as follows:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

2. Plaintiff was charged with "heedless and careless" operation of a motor vehicle in violation of § 291–1 of the Hawaii Revised Statutes (1968). He was acquitted after trial.

3. Plaintiff has also joined Michael Scott and Sam Keliinoi, two of the arresting officers, as defendants in this action.

action.[4] Fed.R.Civ.P. 12(h)(3); United States v. DeCamp, 478 F.2d 1188 (9th Cir. decided April 25, 1973). In Monroe v. Pape, 365 U.S. 167, 187–192, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), the Supreme Court held that under § 1983 an action for damages may not be maintained against a municipal corporation, though an action may proceed against the municipality's police officers. See also, Moor v. County of Alameda, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). *Monroe* is squarely on point in this proceeding, and thus the City must be dismissed as a party.

■ Plaintiff maintains, however, that this court has jurisdiction to hear his state law claims against the City under the doctrine of pendent jurisdiction.[5] As discussed by the Supreme Court in Moor v. County of Alameda, *supra* at 709–717, 93 S.Ct. 1785, in deciding this question there are two distinct issues: (1) whether there is judicial power to hear the pendent claim, and (2) if such power exists, whether the exercise of jurisdiction would be appropriate as a matter of discretion.

Because there is no independent basis for federal jurisdiction against the City, the exercise of pendent jurisdiction would require the court to bring an entirely new party into this proceeding. While there has been a marked reluctance in this Circuit to permit the joinder of "pendent parties," see Hymer v. Chai, 407 F.2d 136, 137–138 (9th Cir. 1969) and Moor v. Madigan, 458 F.2d 1217, 1220–1221 (9th Cir. 1972), rev'd on other grounds sub nom. Moor v. County of Alameda, *supra*, I believe the better rule is that there is judicial power to hear such claims. In my opinion, with the decision in United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16

L.Ed.2d 218 (1966), the Supreme Court abandoned an "unnecessarily grudging" approach to the question of power to hear pendent claims:

> Pendent jurisdiction, in the sense of judicial *power*, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority . . .,' U.S.Const., Art. III, § 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction of the court. . . . The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole. 383 U.S. at 725, 86 S.Ct. at 1138 [Footnotes and Citations omitted] [Emphasis by the Court].

Admittedly, the problem of a pendent party was not before the *Gibbs* Court, but as noted by the Second Circuit in Astor-Honor, Inc. v. Grosset & Dunlap, Inc., 441 F.2d 627, 629 (2d Cir. 1971), "Mr. Justice Brennan's language and the common sense considerations underlying it seem broad enough to cover that problem also. See Note, UMW v. Gibbs and Pendent Jurisdiction, 81 Harv.L.Rev. 657, 664 (1968)." Finally, a broad interpretation of the scope of pendent jurisdiction finds support in the provisions of the federal rules permitting the

---

4. For reasons of its own, the City has not raised any objection to jurisdiction.

5. Though it does not appear in the pleadings, when notified that the City would be dismissed as a party, plaintiff gave notice

that he would invoke pendent jurisdiction and move that his state law claims against the City (abuse of process, malicious prosecution and assault and battery) be heard with his federal claims against the police officers.

joinder of new parties under the established doctrine of ancillary jurisdiction. See Fed.R.Civ.P. 13(a), 13(h) and 14(a); Moor v. County of Alameda, *supra.*

In this case, it is clear that plaintiff has stated substantial federal causes of action against the individual defendants under the civil rights statute. Monroe v. Pape, *supra.* Nor is there any question that the state and federal claims derive from a common nucleus of operative fact. However, the rule in Hymer v. Chai, *supra,* states unequivocally that pendent jurisdiction is available only to join claims, not parties. Plaintiff seeks to avoid Hymer by arguing that the decision is no longer good law in light of Justice Marshall's dicta in Moor v. County of Alameda, *supra,* where *Hymer* was discussed in the following terms:

> Petitioners vigorously attack the decision in *Hymer* as at odds with the clear trend of lower federal court authority since this Court's decision in *Gibbs* [United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed. 2d 218 (1966)]. It is true that numerous decisions throughout the courts of appeals since *Gibbs* have recognized the existence of judicial power to hear pendent claims involving pendent parties where 'the entire action before the court comprises but one constitutional "case"' as defined in *Gibbs. Hymer* stands virtually alone against this post-*Gibbs* trend in the courts of appeals, and significantly *Hymer* was largely based on the Court of Appeals' earlier decision in Kataoka v. May Department Stores Co., 115 F.2d 521 (CA9 1940), a decision which predated *Gibbs* and the expansion of the concept of pendent jurisdiction beyond the narrow limits set by Hurn v. Oursler [289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933)]. Moreover, the exercise of federal ju-

> risdiction over claims against parties as to whom there exists no independent basis for federal jurisdiction finds substantial analogues in the joinder of new parties under the well-established doctrine of ancillary jurisdiction in the context of compulsory counterclaims under Fed.Rules Civ.Proc. 13(a) and 13(h), and in the context of third-party claims under Fed.Rule Civ.Proc. 14(a). 411 U.S. at 713, 93 S.Ct. at 1797 [Footnotes omitted].[6]

Although Justice Marshall's comments certainly appear to undercut the decision in *Hymer,* the Court did not decide "this difficult issue" because the Justices "concluded that even assuming *arguendo* the existence of power to hear the claim, the District Court, in exercise of its legitimate discretion, properly declined to join the claims against the County in these suits." 411 U.S. at 715, 93 S.Ct. at 1799.

For the same reason, it is unnecessary to decide whether *Hymer* is still good law because I have concluded, as a matter of discretion, that the state and federal claims involved here should be separated for trial. In my judgment, the claims asserted against the City under state law are likely to confuse the jury because they involve divergent theories of relief from those in the § 1983 claim against the police officers.[7] As noted in Moor v. County of Alameda, *supra* at 712, 93 S.Ct. at 1797:

> Yet even if there exists power to hear the pendent claim, '[i]t has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's rights. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims even though bound to apply state law to them. . . .' [United Mine Work-

---

6. For cases in the courts of appeals and district courts allowing the joinder of pendent parties, see footnote 29 of Moor

v. County of Alameda, *supra* at 713, 93 S.Ct. 1785.

7. See footnote 5, *supra.*

ers v. Gibbs, *supra*], 383 U.S. at 726, 86 S.Ct. 1130. By way of explanation of the considerations which should inform a district court's discretion, the Court in *Gibbs* suggested, *inter alia,* that '[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law,' *ibid.*, and that 'reasons independent of jurisdictional considerations, such as the likelihood of jury confusion in treating divergent legal theories of relief, [may] justify separating state and federal claims for trial,' *id.*, at 727, 86 S.Ct. 1130, at 1139. Accordingly, this court will not exercise pendent jurisdiction over the City, and plaintiff must therefore assert his state law claims in the state courts.

This leaves the question whether the City—no longer a party—can assert executive privilege to block discovery of the documents requested by plaintiff.

Plaintiff and the City have stipulated that if, pursuant to Fed.R.Civ.P. 30(b)(1), plaintiff were to obtain and effect service of a subpoena duces tecum upon the custodian of records of the Police Department for production of the requested documents, "said Custodian of Records would resist the subpoena and would refuse to produce the records on the grounds heretofore raised by the City and County of Honolulu in its objection to the granting of the Motion for Order Requiring Production of Documents for Inspection and Copying."[8] It is further stipulated that this court may consider and rule on the City's objections to discovery based upon the evidence and argument already heard in the hearing held on May 9, 1973, as if that hearing had related specifically to an objection by the custodian of records to a subpoena duces tecum.

■ It is first argued that this court should abstain from ruling on this issue because a number of similar cases are now pending before the Supreme Court of Hawaii.[9] Apparently, it is the City's contention that federal courts must defer to state created privileges. While there does appear to be a tendency to honor state privileges in diversity cases,[10] it is my opinion that in actions predicated on federal law—as in the instant case—the question of privilege must be governed solely by federal rules and decisional law.[11] To insure that federally protected rights are fully vindicated, federal courts must have complete control over the fact finding process by which those rights are determined. Hence state law on executive privilege is of no force in this court, and no purpose would be served by waiting for the decision of the Supreme Court of Hawaii.

■ Rule 26(b)(1) of the Federal Rules of Civil Procedure gives parties

---

8. Stipulation Re Discovery filed June 7, 1973, at 1.

9. These cases have been consolidated in case No. 5412 before the Supreme Court of Hawaii. The case is in an early stage of the proceedings and thus far only the Defendant-Appellant City and County of Honolulu's Opening Brief has been filed, a copy of which has been made available to this court. In the lower court decision, the City's assertion of privilege was rejected. See Appendix A to the Opening Brief of Defendant-Appellant City and County of Honolulu.

10. See Wright, Law of Federal Courts § 93 at 414 (2d ed. 1970) and cases cited in n. 45. Wright notes, however, that a number of federal courts have reached a contrary result, and others attempt to distinguish statutory privileges from those that are judicially created. See cases cited in 2B Barron & Holtzoff (Wright ed.) § 967 nn. 67 and 67.1.

11. See 4 Moore's Federal Practice ¶ 26.60 (7) at 26–255, where it is said that "[i]n cases arising under the federal law it is abundantly clear that there is no constitutional inhibition to abrogation of state-created privileges, either in connection with the admission of evidence or in connection with pre-trial discovery."

the right to discover "any matter, not privileged, which is relevant to the subject matter involved in the pending action" whether or not admissible at trial. As noted by Judge Reynolds in Wood v. Breier, 54 F.R.D. 7, 10 (E.D.Wis.1972), quoting the Supreme Court in United States v. Procter & Gamble, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1957), "[t]his mandate reflects the decision that 'a trial [should be] less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" It follows that only strong public policies should be permitted to prevent disclosure, particularly in suits under § 1983 where enforcement of the statute is placed solely in the hands of individual citizens acting in the capacity of "private attorneys-general." See Wood v. Breier, *supra*, 54 F.R.D. at 10–11.

■ Accordingly, rather than accept the City's blanket assertion of privilege, it is the duty of the courts to weigh independently the public policies in favor of confidentiality against the need of the litigant to obtain relevant information. United States v. Reynolds, 345 U.S. 1, 73 S.Ct. 528, 97 L.Ed. 727 (1952). Here plaintiff's need is great: the incident took place nearly two years ago and all of the witnesses were police officers. It is impossible to duplicate the police investigation at this late date; in fact, plaintiff has been able to learn the names of only a few of the estimated six to ten police officers who were present at the scene of his arrest.

At the same time, the City contends that disclosure of police reports such as those requested by plaintiff would contravene the public interest because it would seriously undermine the police department's ability to obtain information. Its arguments are lengthy but they are ably summarized by Judge Becker in his decision in Frankenhauser v. Rizzo, 359 F.R.D. 339 (E.D.Pa. decided March 13, 1973), a case closely analogous to this one:

> The defendants argue that police investigations . . . are made under a veil of confidentiality and that it would impair the functioning of the police department if the results of such investigations were disclosed. They contend that destruction of the confidentiality of police investigative records would have a 'chilling effect' upon the department and would impede candid and conscientious self-evaluation of actions of the department. Defendants further assert that parties to police operations would become reluctant to talk, that witnesses would hesitate to come forward, and that law enforcement officials' actions would be guided less by the call of duty than by a continual fear of lawsuits arising out of their official conduct.

■ These policy arguments are not without merit, but they go too far. A proper balancing of the equities, it seems to me, was struck by Judge Reynolds in Wood v. Breier, *supra*, and Judge Becker in Frankenhauser v. Rizzo, *supra*. Briefly, their decisions hold that in general discovery should be restricted to material in completed investigations, though this is not an absolute rule and there may be instances where discovery of an on-going investigation would be proper. Additionally, a distinction is drawn between material of a factual nature which should be discoverable, and that of a policy or self-evaluative nature which ordinarily remains confidential. As stated by Judge Reynolds:

> . . . while a privilege is generally recognized for 'intra- and inter-agency advisory opinions and recommendations submitted for consideration in the performance of decision- and policy-making functions' if 'there is a need for discovery to preclude prejudice and unfairness * * a conditional executive privilege cannot stand in the way of necessary discovery.'

In any case, however, this conditional privilege with regard to advisory opinions does not extend to factual reports and summaries. . . . 54 F.R.D. at 12 [Citations omitted].

█ Applying these guidelines to the instant case, it is clear that all of the documents specified in item 1 of Plaintiff's Motion for Order Requiring Production of Documents for Inspection and Copying (arrest reports, follow-up reports and closing reports concerning plaintiff's arrest) should be disclosed. In view of plaintiff's acquittal on the reckless driving charges filed against him,[12] it is obvious that the investigation has been completed. However, disclosure is limited to factual data. If the City believes that portions of the police reports contain evaluative summaries or recommendations that should not be discovered, the reports may be submitted to the court for *in camera* inspection prior to delivery to plaintiff.

█ With respect to item 2 of plaintiff's Motion (reports prepared in connection with any interdepartmental investigation of the complaint filed against the Department by plaintiff), discovery will be denied at this time. Counsel for the City has stated that this investigation is not yet completed and that there is a possibility of interdepartmental disciplinary proceedings arising from the investigation. However, plaintiff may renew his motion at an appropriate time if reasonably necessary for the prosecution of his case.

█ Item 3 of plaintiff's Motion (all documents "which relate in any way" to the arrest, detention and booking of plaintiff or to his complaint against the Department) is denied as too broad, but with leave to renew if appropriate.

Accordingly, it is the judgment of this court that (1) the City be dismissed as a party in this proceeding, and (2) that the documents specified in item 1 of plaintiff's Motion be made available for inspection and copying subject to the limitations specified above.

It is so ordered.