**UNITED STATES ex rel. Morris JACKSON, Plaintiff,**

v.

**Warden John J. PETRILLI, Defendant.**

**No. 73 C 1155.**

United States District Court,
N. D. Illinois, E. D.

May 17, 1974.

Bruce A. Hubbard, and Kirkland & Ellis, Chicago, Ill., for plaintiff.

Charles H. Levad, Asst. Atty. Gen. of Ill., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This matter is before the Court on the motion of the plaintiff to compel the

production, pursuant to F.R.Civ.P. 37, of certain statements. For the reasons set forth below, the motion is denied.

This action is brought pursuant to 42 U.S.C. § 1983, and is based upon plaintiff's commitment to segregation following an incident which occurred at the Pontiac Branch of the Illinois State Penitentiary on December 14, 1972. Subsequent to that disturbance, statements were taken by the Illinois State Police of five inmates. These statements were obtained prior to March 8, 1973. Copies of these statements were given to the Department of Corrections. Plaintiff seeks production of the statements.

There is no real dispute that the statements are relevant. The defendant asserts, however, that a criminal investigation is pending thereby rendering the statements privileged. In determining whether or not discovery should be granted, several factors must be balanced. An on-going investigation does not create an absolute privilege. See Frankenhauser v. Rizzo, 59 F.R.D. 339, 343–344 (E.D.Pa.1973); Wood v. Breier, 54 F.R.D. 7 (E.D.Wis.1972).

In *Frankenhauser* and *Wood*, both courts were faced with requests for police reports and summaries from completed investigations. The courts there balanced the theoretical notion of executive privilege and the need for confidentiality against the real need of the plaintiffs to obtain the material to prepare their cases. The instant case presents a much more difficult problem since the investigation is not completed but is on-going and there is a need to maintain the confidentiality of the prison witnesses' statements. This need arises from their role as inmates and as witnesses and the possible jeopardy in which this role may place them.

The danger of reprisals from implicated inmates is present.

There also appears to be an active investigation going on which may lead to indictments for murder. Compare Gaison v. Scott, 59 F.R.D. 347, 352 (D. Haw.1973); *cf.* 18 U.S.C. § 3500; Swanner v. United States, 406 F.2d 716 (5th Cir. 1969). Nor has an unreasonable period of time passed. Gaison v. Scott, *supra*, at 352. In *Gaison*, the Court refused discovery as to reports which related to an on-going internal police investigation. *Id.* at 353.

The Court is aware of the need plaintiff has for the materials. They are statements which may have led to the plaintiff's confinement, are relevant and ordinarily might be discoverable. Further, the Court recognizes that the right of plaintiff to be treated fairly and not to have been unlawfully segregated from the prison community is important. See Wood v. Breier, *supra*, at 10–11. But a murder investigation also involves important rights of society. The Court believes, on balance, that at least for the present it is necessary to protect the informants and maintain the confidentiality of the investigation. The motion is therefore denied; however should circumstances change or an unreasonable time pass, the motion may be renewed.

It is so ordered.