**George R. ELLIOTT, et al., Plaintiffs,**

v.

**Mike WEBB, et al., Defendants.**

**Civ. No. 82–1307.**

United States District Court,
D. Idaho.

May 10, 1983.

---

**9.** The creation of subclasses for each test will be considered at a later date.

**295**

Michael B. Howell of Foley & Lance, Meridian, Idaho, for plaintiffs.

Jeremiah A. Quane of Quane, Smith, Howard & Hull, Boise, Idaho, for defendants.

## MEMORANDUM OPINION AND ORDER

RYAN, District Judge.

Plaintiffs have brought an action pursuant to 42 U.S.C. § 1983 against two Boise City police officers, Chief of the Boise City Police Department, and the City of Boise. Generally, plaintiffs allege that the defendant police officers violated their constitutional rights by an illegal search and seizure and false arrest. Plaintiffs additionally contend that such actions on the part of the police officers were part of a de facto policy of the City of Boise to summarily deny civil rights of citizens in the course of investigations by the police department. Plaintiffs further allege that the Defendants Chief of Police and the City of Boise were negligent in not terminating such practices, disciplining, or otherwise supervising the officers, and in failing to provide proper training.

Plaintiffs submitted Plaintiffs' Request for Production of Documents to defendants on October 6, 1982. That request was inadvertently not filed with the court until May 4, 1983. By that request plaintiffs sought personnel files, application and reference materials, psychological evaluations, training records, polygraph examinations, and records of any disciplinary proceedings and/or reinstatement hearings as they pertain to the defendant police officers. Defendants provided plaintiffs with copies of the officers' training records and all complaints received against the officers, both prior to and including the incident which forms the basis of this action. On November 9, 1982, defendants filed a Response to Request for Production of Documents objecting to a large portion of plaintiffs' request, claiming those items were not discoverable since they were either privileged, irrelevant, inadmissible or not calculated to lead to the discovery of admissible evidence. Following defendants' objections, plaintiffs filed a Motion to Compel Discovery and Memorandum in Support of Plaintiffs' Motion to Compel Discovery. Defendants filed a Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery, and plaintiffs subsequently filed Plaintiffs' Reply Memorandum in Support of Motion to Compel Discovery.

Therefore, the plaintiffs' Motion to Compel Discovery is now properly before the court. Plaintiffs request discovery of the following:

(1) Personnel records of Defendants Webb and Townsend.

(2) Initial application and reference materials of Defendants Webb and Townsend.

(3) Psychological evaluations of Defendants Webb and Townsend.

(4) Records and documents of any internal investigation resulting from complaints against Defendants Webb and/or Townsend.

(5) The results of polygraph examinations given to Defendants Webb and/or Townsend, together with any accompanying related documents.

(6) Records, documents and transcripts of any disciplinary proceedings held for Defendants Webb and/or Townsend.

(7) Records, documents and transcripts for any reinstatement hearings held for Defendants Webb and/or Townsend.

Defendants argue that the above-mentioned material sought by plaintiffs is privileged pursuant to a qualified executive or governmental privilege. Defendants make additional objections to specific items plaintiffs request. Those objections will be dealt with during the discussion of those items where relevant.

Executive privilege is the government's privilege to prevent disclosure of certain information the disclosure of which would be contrary to the public interest. *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa.1973). The defendants argue that the documentation sought to be discovered by plaintiffs is considered confidential by the Boise City Police Department. The defendants contend that the forced production of personnel files and application and reference materials would have a serious detrimental effect on the future ability of the department to obtain candid and accurate information and would discourage applicants from providing complete information. Defendants contend that the forced production of psychological evaluations and polygraph examination results would have a serious detrimental effect on the future ability of the department to conduct such tests and would deter full cooperation of the participants, thus substantially diminishing the accuracy and reliability of the test results. The defendants contend that the forced production of the records of internal investigations arising out of complaints against the officers would have a serious detrimental effect on the future ability of the department to conduct such investigations. The defendants further contend that to force production of the records of internal investigations, disciplinary proceedings, and reinstatement hearings will discourage members of the Boise City Police Department from coming forward and bringing matters appropriate for disciplinary review to the attention of their superiors, and discourage complete, accurate and candid disciplinary reviews which are necessary in providing quality police services to the community. Thus, the defendants essentially urge that the production of the requested materials would have a detrimental effect upon future intra-departmental criticism and review which would be contrary to the public interest. Plaintiffs urge that the defendants' claim of executive privilege is overcome by plaintiffs' need to know and that their requests fall within the broad federal mandate for discovery in all civil actions pursuant to Rule 26 of the Federal Rules of Civil Procedure.

The court has examined cases pertaining to requests to discover police investigatory files and has concluded that the principles enunciated in those cases govern the motion currently before the court. In *Frankenhauser v. Rizzo, id.,* Judge Becker recognized that when an executive privilege is asserted, the courts must balance the public interest in the confidentiality of governmental information against the needs of a litigant to obtain data, not otherwise available to him, with which to pursue a non-frivolous cause of action. In the context of discovery of police investigation files in a civil rights action, it has been recognized that only strong public policy should be permitted to prevent disclosure, since enforcement of 42 U.S.C. § 1983 is placed solely in the hands of individual citizens acting in the capacity of "private attorneys-general," *Wood v. Breier,* 54 F.R.D. 7 (E.D.Wis.1972), and *Gaison v. Scott,* 59 F.R.D. 347 (D.Haw.1973).

In construing motions similar to the motion at bar, the courts have recognized that the following considerations should be examined:

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information;

(2) the impact upon persons who have given information of having their identities disclosed;

(3) the degree to which the government's self-evaluation and consequent program improvement will be chilled by disclosure;

(4) whether the information sought is factual data or evaluative summary;

(5) whether the party seeking the discovery is an actual or a potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question;

(6) whether the police investigation has been completed;

(7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation;

(8) whether the plaintiff's suit is non-frivolous and brought in good faith;

(9) whether the information sought is available through other discovery or from other sources; and

(10) the importance of the information sought to the plaintiff's case.

*Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344 (E.D.Pa.1973).

Additionally, the decisions mentioned above have held that, in general, discovery should be restricted to material in completed investigations, though that is not an absolute rule and there may be instances where discovery of an ongoing investigation would be proper. Defendants have made no allegation that any of the information sought to be discovered is the subject of an ongoing investigation. Additionally, the courts have drawn a distinction between material of a factual nature which should be discoverable, and that of a policy or self-evaluative nature which ordinarily remains confidential. *Gaison v. Scott,* 59 F.R.D. 347, 352 (D.Haw.1973).

■ Applying those guidelines, considerations and holdings to the instant motion, it is clear to this court that the plaintiffs' request for disclosure of the psychological evaluations of Defendants Webb and Townsend are of a policy or self-evaluative nature and thus subject to the privilege asserted by defendants, and therefore, should not be disclosed.

■ It is the court's opinion that the applications of Defendants Webb and Townsend are essentially factual in nature and should be subject to discovery by the plaintiffs. However, the reference material filed in conjunction with those applications is most likely evaluative in nature, and thus subject to the privilege asserted by defendants and should not be discovered by plaintiffs.

■ The records of the police department's internal investigation of defendants is properly discoverable. However, disclosure of those records is limited to factual data. If the defendants believe that portions of the internal investigation reports contain evaluative summaries or recommendations that should not be discovered, the reports may be submitted to the court for in camera inspection prior to delivery to plaintiff and the court would then determine whether those portions should be subject to discovery in accordance with the standards enunciated above.

■ Relative to the plaintiffs' request for discovery of the polygraph examinations given to Defendants Webb and/or Townsend and any accompanying related documents, the court agrees with Judge Becker's opinion in *Frankenhauser v. Rizzo,* 59 F.R.D. 339 (E.D.Pa.1973). Ruling on a similar request, Judge Becker denied discovery with respect to polygraph material since he failed to perceive how disclosure of the results of the polygraph test would lead to discovery of other admissible evidence under Rule 26(b)(1) of the Federal Rules of Civil Procedure. However, as in the *Frankenhauser* case, the denial of plaintiffs' motion as it pertains to the polygraph examinations is without prejudice to plaintiffs' right to renew their polygraph discovery motion if they can show the court why they should be entitled to such discovery by showing what the examination results would tend to show or how those results would lead to the discovery of other admissible evidence, if any.

■ Plaintiffs have made a general request for the personnel records of Defendants Webb and Townsend. However, neither plaintiffs nor defendants have indicated to the court what documents are included in the requested personnel files. The court surmises that much of the other requested discovery constitutes part of the personnel files and discovery of that material will be governed by the court's order pursuant to this Memorandum Opinion. However, the court also surmises that much of the personnel files may contain evaluative or privileged material, and thus should not be discovered under the guidelines set forth above. Therefore, it is this court's opinion that the defendants should be ordered to disclose those portions of the personnel files of the defendant police officers that contain factual data. If the defendants believe that some documents in the personnel files contain factual data and evaluative summaries or recommendations that should not be discovered, the reports may be submitted to the court for in camera inspection prior to delivery to plaintiffs. Alternatively, plaintiffs may make a more particularized showing of exactly which documents from the personnel files they wish to examine and why those documents should be ordered discovered.

■ The final two portions of the plaintiffs' Motion to Compel Discovery pertain to plaintiffs' request for discovery of records, documents, and transcripts of disciplinary hearings and reinstatement hearings held for Defendants Webb and Townsend. In addition to defendants' claim that these matters are covered by the same executive privilege asserted above, defendants argue that those records and transcripts are irrelevant and also fall within the provisions of Rule 407 of the Federal Rules of Evidence, and therefore, should not be ordered produced. Once again, the plaintiffs' general request does not specify the substance of such transcripts or records, and therefore, the court is not fully informed of the extent to which those documents contain factual as opposed to policy or self-evaluative matters. The court surmises that these documents, unlike the records of the internal investigation of the incidents underlying the plaintiffs' alleged cause of action, constitute intradepartmental disciplinary proceedings mandating a balance of the public interest in the confidentiality of such proceedings against the needs of the litigant to obtain the data. Plaintiffs have not made a specific showing as to why such data is necessary beyond conclusory allegations of need. When considering the totality of the objections made by defendants to these records and transcripts, the court is not convinced that the relevancy of such post-incident proceedings is sufficient to tip the balance in favor of plaintiffs. Additionally, these requested records and transcripts appear to fall within the theory behind Rule 407 of the Federal Rules of Evidence since they appear to be essentially remedial in nature. The slight relevancy of such remedial proceedings, coupled with the court's opinion that the validity of the public interest in the confidentiality of such information outweighs the relatively insubstantial showing of plaintiffs' need for such documents, lead the court to conclude that such documents should not be ordered disclosed to plaintiffs. However, the denial of plaintiffs' motion as it pertains to these requests is without prejudice to plaintiffs' right to renew this portion of their Motion to Compel Discovery should they, in the future, make a compelling showing to the court regarding the factual nature of the requested documents and their relevancy to the plaintiffs' alleged cause of action.

Therefore, in accordance with the foregoing opinion, IT IS HEREBY ORDERED that:

1. Defendants shall produce to plaintiffs for discovery the portions of the personnel files of Defendants Webb and Townsend which contain factual data. If defendants believe that some of those documents contain both factual and evaluative summaries or recommendations, those documents may be submitted to the court for in camera inspection prior to delivery to plaintiffs.

2. That defendants shall produce to plaintiffs for discovery the initial applications of Defendants Webb and Townsend. However, plaintiffs' Motion to Compel Discovery of the reference materials of Defendants Webb and Townsend is denied.

3. Plaintiffs' Motion to Compel Discovery of the psychological evaluations of Defendants Webb and Townsend is denied.

4. Defendants shall produce to plaintiffs for discovery the records and documents of any internal investigation resulting from complaints against Defendants Webb and/or Townsend. However, disclosure of those records is limited to factual data. If the defendants believe that portions of the internal investigation reports contain evaluative summaries or recommendations, the reports may be submitted to the court for in camera inspection prior to delivery to plaintiffs.

5. That plaintiffs' Motion to Compel Discovery of the results of polygraph examinations given to Defendants Webb and/or Townsend, together with any accompanying related documents, is denied without prejudice.

6. That plaintiffs' Motion to Compel Discovery of records, documents and transcripts of any disciplinary proceedings held for Defendants Webb and/or Townsend is denied without prejudice.

7. Plaintiffs' Motion to Compel production of records, documents, and transcripts for any reinstatement hearings held for Defendants Webb and/or Townsend is denied without prejudice.