■ JOHN E. BRADY, JR., et al., Respondents, v OTTAWAY NEWSPAPERS, INC., et al., Respondents. NEW YORK STATE DIVISION OF STATE POLICE, Nonparty Appellant. — In a defamation action, the nonparty New York State Division of State Police appeals from an order of the Supreme Court, Orange County (Isseks, J.), dated February 2, 1983, which, *inter alia,* granted defendants' motion and plaintiffs' cross motion for disclosure of all confidential investigative reports prepared by appellant "concerning the Newburgh police scandals which occurred approximately in 1972". Order reversed, on the law, with costs, and motion and cross motion denied. We note at the outset that although the New York State Division of State Police is not a party to this action, it has standing to appeal because it is "expressly bound" by the order under review (see *Matter of Male Infant B.,* 96 ʹAD2d 1055). We find that Special Term

abused its discretion in ordering disclosure of the reports in question. Notwithstanding Special Term's direction that the names of confidential informants be redacted, speculation, fueled, by disclosure of the reports, could subject sources to reprisals and imperil any future investigation of a similar nature. The "public interest in the right of a litigant to obtain evidence must, in these circumstances, give way to the public interest in enabling the government effectively to conduct sensitive investigations involving matters of demonstrably important public concern" (*Jones v State of New York,* 58 AD2d 736; see, also, *Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 118; *Matter of Langert v Tenney,* 5 AD2d 586, 589). Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.