Lester BROWN, Plaintiff,

v.

Officer MATIAS, Officer Benoit, John Doe (1), John Doe (2), John Doe (3), John Doe (4), the City of New York, Defendants.

No. 83 Civ. 8373.

United States District Court, S.D. New York.

July 18, 1984.

Zuller & Bondy, New York City, for plaintiff; Thomas L. Bondy, New York City, of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants; Gabriel Taussig, Virginia Waters, Asst. Corp. Counsel, New York City, Fay Ng, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

The defendants in this federal civil rights action appeal from a decision of Magistrate Harold J. Raby, dated July 6, 1984, ordering disclosure of so-called G.O.–15 statements provided by five members of the New York City Police Department in connection with an investigation by the Civilian Complaint Review Board into the beating of plaintiff Lester Brown on August 2, 1983.

Because the underlying action is governed by federal law, privileges asserted in connection therewith are governed "by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience." Fed.R.Evid. 501.

Those principles, as they have evolved in civil rights actions challenging local police conduct, required the Magistrate to apply a balancing test in which "the public interest in the confidentiality of governmental information [is weighed] against the needs of a litigant to obtain data, not otherwise available to him." *Frankenhauser v. Rizzo*, 59 F.R.D. 339, 344 (E.D.Pa.1973); *see Elliott v. Webb*, 98 F.R.D. 293, 296–97 (D.Idaho 1983); *Sirmans v. City of South Miami*, 86 F.R.D. 492, 495 (S.D.Fla.1982); *cf. United States v. Nixon*, 418 U.S. 683, 707, 712 n. 19, 94 S.Ct. 3090, 3107, 3109 n. 19, 41 L.Ed.2d 1039 (1974) (applying balancing test to assertion of executive privilege over matter subpoenaed in federal criminal proceedings).

The Magistrate determined that the statements were not privileged on the basis of his observation that the public has an interest in avoiding the appearance of a "cover-up" of police misconduct and that "counsel for the plaintiff has, in effect, already been informed, in broad outline, of the complete nature and results of the investigation, in the form of a letter sent to him, under date of September 12, 1983, by

the office of the New York County District Attorney." *Brown v. Matias*, No. 83–8373, slip op. at 3–4 (S.D.N.Y. July 6, 1984) (Raby, Mag.).

■ The Court is of the view, upon a study of the record, that the Magistrate's decision was in error and that a protective order should be entered barring disclosure of the requested information. Although surely the public is damaged by any "cover-up" of police improprieties, the Magistrate's reliance on the goal of instilling confidence in police review procedures begs the question posed by the applicable balancing test: Is confidentiality justified in a particular case as necessary to vigorous internal regulation of police misconduct? Resolution of this question requires analysis of the facts, an approach not indicated by the Magistrate's bare reference to avoiding even the appearance of a "cover-up."

■ Second, to the extent the Magistrate suggested that the Review Board has waived the privilege, his decision rests on an inaccurate perception of the facts. It is true that the entire Review Board file has been released to the Corporation Counsel, who used statements of non-officer witnesses for cross-examination purposes in depositions connected to this action. Plaintiff has been supplied with the file statements of these third-party individuals, which were summarized in the letter from the office of the District Attorney referred to by the Magistrate. However, on this appeal, only the G.O.–15 statements of the officers are at issue. The dissemination of the G.O.–15 statements beyond the Police Department does, to some extent, weaken the force of the City's claim that the Department jealously guards the confidentiality of the statements. Nevertheless, the City has not released the statements in any public proceeding or to any private person. This fact is determinative in deciding whether there has been a waiver. *See Permian Corp. v. United States*, 665 F.2d 1214, 1219–20 (D.C.Cir.1981).

Plaintiff's need for the information that would be provided by the statements is not substantial. Plaintiff has been given the names of all of the officers whose statements are sought. These officers have all been deposed or agreed to be deposed. Plaintiff makes no assertion that the officers who have been deposed have been anything less than forthright in their testimony. He thus asserts that the only need that would be served by production of the G.O.–15 statements is that for material useful in cross-examination. Although plaintiff contends the statements are derived from tape recordings—a point defendants do not deny—defendants claim that the file statements are not verbatim transcripts and, in fact, have been heavily edited. It is clear that the documents themselves would not be admissible, and their use on cross-examination for impeachment purposes is questionable.

In contrast, the public interest in preserving the confidentiality of the G.O.–15 statements is tangible and weighty. It is especially significant that such statements are elicited only after a grant to the officer of use immunity with respect to potential criminal prosecutions and upon the following explicit representation:

> The questions and answers resulting from the interrogation conducted pursuant to this procedure are confidential. They are not to be revealed nor released to any person outside the department without prior approval of the Deputy-Commissioner Legal Matters. Aff. of Harold J. Hess, Ex. 1.

It is thus open to doubt whether but for the representation above the statements sought would exist at all. If production of the statements is required in this case, the effect of the Police Department's assurance of confidentiality may be severely eroded and information critical to future police investigations may be lost.

Upon consideration of all the pertinent factors relevant to the status of the G.O.–15 statements at issue in this case, *see Crawford v. Dominic*, 469 F.Supp. 260, 263 (E.D.Pa.1979); *cf. Brady v. Ottaway Newspapers, Inc.*, 97 A.D.2d 451, 452, 467 N.Y. S.2d 417 (1983) (state law rule), the Court

concludes that production would be inappropriate.

The decision of the Magistrate is reversed. An appropriate protective order shall be entered.

Submit order.