OPINION OF THE COURT
Gerard M. Weisberg, J.
It is well settled that a defendant in a criminal proceeding is entitled to examine exculpatory material in the possession of the District Attorney. (See, Brady v Maryland, 373 US 83; CPL 240.20 [1] [g].) The issue before this court is whether a victim, for use in a civil proceeding, is entitled to disclosure of notes made by an Assistant District Attorney in connection with a criminal investigation.
In this action for wrongful death against the State of New York, claimant, Arlene Martinez, seeks discovery of certain documents within the control of respondent, the District Attorney of New York County, who is not a party to this action. Pursuant to stipulation, the writings in question have been delivered to this court for an in camera inspection.
According to the affirmation of Debora K. Grobman, an Assistant District Attorney, the documents are “[h]andwritten notes by ADA [David] Drucker regarding his personal or telephone *790 interviews” with employees of the defendant, State of New York. A discussion with an attorney for another State worker is also recorded. These notes were taken pursuant to an investigation into the violent death of claimant’s decedent, Pablo Martinez.
Claimant is essentially demanding discovery from a nonparty witness. The granting of relief is, therefore, governed by CPLR 3101, which has been recently amended. (See, L 1984, ch 294, § 2.) Under current law, disclosure is available against a non-party “upon notice stating the circumstances or reasons such disclosure is sought or required.” (CPLR 3101 [a] [4].) Formerly “special circumstances” had to be established. However, this standard was interpreted quite liberally. A mere showing that the disclosure was needed to prepare for trial was usually deemed sufficient. (See, Kenford, Co. v County of Erie, 41 AD2d 586; see also, Kelly v Shafiroff, 80 AD2d 601, 602; Villano v Conde Nast Pub., 46 AD2d 118.) The legislative intent in amending the statute was not to depart from this liberal standard. (Slabakis v Drizin, 107 AD2d 45, 48, citing Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1984-1985 Pocket Part, CPLR C3101:23, p 3.)
Nevertheless, even under the “special circumstances” rule, the availability of disclosure with respect to a nonparty witness was not absolute. In this regard it has been held that disclosure of confidential investigative reports of a nonparty public law enforcement organization would not be permitted where the possibility existed that “sources” would be subject to reprisals and future investigations would be imperiled. (Brady v Ottaway Newspapers, 97 AD2d 451, affd 63 NY2d 1031.) This conclusion was based on the view that “ ‘public interest in the right of a litigant to obtain evidence must, in these circumstances, give way to the public interest in enabling the government effectively to conduct sensitive investigations involving matters of demonstrably important public concern’”. (Brady v Ottaway Newspapers, 97 AD2d 451, 452, affd 63 NY2d 1031, supra, quoting Jones v State of New York, 58 AD2d 736.)
In the instant case, the public has a strong interest in insuring that notes made by an Assistant District Attorney remain confidential. Otherwise, as respondent points out, a prosecutor’s ability to obtain cooperation from potential witnesses to a crime would be hampered. Such individuals might be less likely to come forward if they knew their conversations would be made public for other purposes. The public interest in preventing the emergence of this chilling effect outweighs any rights to disclosure in this action.
*791 We note that the situation could be different in a criminal case. (Brady v Maryland, 373 US 83, supra; CPL 240.20.) There, privileged information might be relevant to proof of innocence. Sound policy mandates disclosure in such circumstances. (Cf. United States v Nixon, 418 US 683.) In a civil action, however, such considerations do not attach and the public’s interest in keeping criminal investigations confidential outweighs an individual’s right to secure disclosure. (Matter of Langert v Tenney, 5 AD2d 586, 589; see, Cirale v 80 Pine St. Corp., 35 NY2d 113,118; Matter of Rochester Police Dept. v Bergin, 68 AD2d 340, 344.)
Finally, we observe that the items in question are not subject to disclosure under CPLR 3101 (g) dealing with “any written report of an accident” generally, or that of “a police or peace officer”. For the purposes of this statute, the word “report” should be deemed to mean that the-document in question be a formalized account of an event recorded in an organized fashion. The cryptic impressions, observations and notes made by an attorney in the process of evaluating a possible criminal prosecution do not come within its purview.
Upon the foregoing, claimant’s request for disclosure is denied.