Jerome THOMPSON, Plaintiff,

v.

**LYNBROOK POLICE DEPARTMENT**
and Police Officer Frank Menna,
individually, Defendants.

No. CV–95–4683 (ADS).

United States District Court,
E.D. New York.

April 4, 1997.

Douglas Moyal, Carway and Flipse, Mineola, NY, for Plaintiff.

Michael Miranda, Thurm & Heller, L.L.P., New York City, for Defendants.

Denis Dillon, Nassau County District Attorney, Colin F. O'Donnell, Assistant District Attorney, Special Investigations Bureau, Mineola, NY, for Third Party Witness.

## ORDER

BOYLE, United States Magistrate Judge.

Third party witness, Denis Dillon, District Attorney of Nassau County ("District Attorney"), moves to quash a subpoena *duces tecum* issued pursuant to Fed.R.Civ.P. 45 by counsel for the defendants, the Lynbrook Police Department and Police Officer, Frank Menna (collectively "defendants"), in this section 1983 civil rights action.

Oral argument was heard on Monday, February 3, 1997. Following oral argument, the District Attorney provided the court with the contents of its Special Investigative file for *in camera* review. Based upon my review of the documents, the District Attorney's motion to quash the subpoena *duces tecum* is granted.

## BACKGROUND

This lawsuit arises from the August 26, 1993, arrest of Jerome Thompson (the "plaintiff"), by an off-duty Lynbrook police officer, the defendant, Frank Menna, following an alleged traffic altercation on the Southern State Parkway. On October 7, 1993, the plaintiff filed a complaint with the Nassau County District Attorney's Special Investigations Bureau alleging that on the day of his arrest, Officer Menna had made racially offensive comments and physically abused him prior to releasing him to the custody of the New York State Police. *Id.* at ¶ 11.

The District Attorney compiled two files on the plaintiff, Jerome Thompson; (1) the criminal complaint file stemming from the plaintiff's August 1993 arrest, and (2) the special investigative file as a result of the

plaintiff's complaint of October 7, 1993 against Officer Menna.[1] Following an investigation by the District Attorney's Special Investigations Bureau, the District Attorney decided not to bring charges against Officer Menna or take any additional action against the plaintiff. *Id.* The plaintiff's Special Investigations Bureau file was then closed. On July 29, 1994, the criminal charges against the plaintiff were dismissed in the interest of justice pursuant to New York State Criminal Procedure Law § 170.40. *Amended Notice of Motion to Quash Subpoena,* dated Dec. 13, 1996, at ¶ 9.[2]

On November 14, 1995, the plaintiff commenced the instant civil rights action, pursuant to 42 U.S.C. § 1983, against Officer Menna and the Lynbrook Police Department. In early December 1996, the defendants served the non-party District Attorney with a subpoena *duces tecum,* dated November 22, 1996, to produce "the complete file of the Nassau County District Attorney's Office pertaining to an arrest of Jerome Thompson [the plaintiff] . . . ." *Id.* at ¶ 3.

By letter motion dated December 13, 1996, the District Attorney moved to quash the defendants' subpoena *duces tecum* claiming that the information sought is not relevant to the instant civil rights' action and that its files are privileged and confidential. *Id.* at ¶ 5. In support of the motion, the District Attorney primarily relies upon (1) the "self-

critical analysis or deliberative privilege"; (2) the "official information privilege"; and (3) the "executive privilege."

## DISCUSSION

■ Questions of privilege in cases involving federal claims are governed by federal law. Rule 501 of the Federal Rules of Evidence; *von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 141 (2d Cir.), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987); *King v. Conde,* 121 F.R.D. 180, 187 (E.D.N.Y.1988). Rule 26(b)(1) of the Federal Rules of Civil Procedure permits "discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed.R.Civ.P. 26(b)(1); *see Ishmail v. Cohen,* No. 85-0121, slip op. at 6 (S.D.N.Y.1986) (in § 1983 actions, federal policy favors the broad construction of the discovery rules).

■ A party seeking to invoke a privilege bears the burden of justifying its application. *See von Bulow by Auersperg v. von Bulow,* 811 F.2d 136, 144 (2d Cir.1987); *Burke v. New York City Police Dep't,* 115 F.R.D. 220, 224 (S.D.N.Y.1987). The party asserting the privilege must specify "which documents or class of documents are privileged and for what reasons." *Conde,* 121 F.R.D. at 189 (quoting *Kerr v. United States District Court,* 511 F.2d 192, 198 (9th Cir.1975), *aff'd,*

---

**1.** During oral argument, defendants' counsel, Michael Miranda, Esq., stated that the defendants are not seeking any additional information from the District Attorney's criminal complaint file. *Oral Argument before the Hon. E. Thomas Boyle,* Apr. 7, 1997, at 21.

**2.** Under New York law, a dismissal in the interest of justice is required:

> [A]s a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice. In determining whether such compelling factor, consideration, or circumstance exists, the court must, to the extent applicable, examine and consider, individually and collectively, the following:
> (a) the seriousness and circumstances of the offense;
> (b) the extent of harm caused by the offense;

(c) the evidence of guilt, whether admissible or inadmissible at trial;
(d) the history, character and condition of the defendant;
(e) any exceptionally serious misconduct of law enforcement personnel in the investigation, arrest, and prosecution of the defendant;
(f) the purpose and effect of imposing upon the defendant a sentence authorized for the offense;
(g) the impact of a dismissal on the safety or welfare of the community;
(h) the impact of a dismissal upon the confidence of the public in the criminal justice system;
(i) where the court deems it appropriate, the attitude of the complainant or victim with respect to the motion;
(j) any other relevant fact indicating that a judgment of conviction would serve no useful purpose.
New York State Criminal Procedure Law § 170.40(1).

426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). The party's showing must detail the reasons for nondisclosure with sufficient particularity. Otherwise, the ·court has "no choice but to order disclosure." *Id.* (citing *Martin v. New York City Transit Auth.*, No. CV–83–3991, slip op. (S.D.N.Y. Oct. 17, 1983)).

### A.  *Privileges Claimed*

The District Attorney claims that the information contained within its special investigative file is privileged on the following grounds: (1) the "self-critical analysis or deliberative privilege;" (2) the official information privilege; and (3) the executive privilege.

#### 1.  *Deliberative Privilege*

■ The deliberative privilege, or "self-critical" analysis privilege, is available to a government agency to protect discussions and recommendations made prior to an agency decision on matters of policy. *See Hopkins v. United States Dep't of Housing & Urban Dev.*, 929 F.2d 81, 84 (2d Cir.1991). There are two requirements for invoking the privilege. First, the documents sought to be withheld from discovery must be "predecisional." *Id.* In other words, the documents must be "prepared in order to assist an agency decision maker in arriving at his decision." *Id.* (quoting *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184, 95 S.Ct. 1491, 1500, 44 L.Ed.2d 57 (1975)). Second, the documents claimed to be privileged must relate to the agency's process by which its policies are formulated. *Id.*

■ The deliberative privilege "focus[es] on documents 'reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.' " *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150, 95 S.Ct. 1504, 1516, 44 L.Ed.2d 29 (1975) (quoting *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966)). The rationale behind the privilege is "to assure that subordinates within an agency will feel free to provide the decision maker with their uninhibited opinions and recom-

mendations. . . ." *Skibo v. City of New York,* 109 F.R.D. 58, 63 (E.D.N.Y.1985) (quoting *Coastal States Gas Corp. v. Department of Energy,* 617 F.2d 854, 866 (D.C.Cir.1980)).

■ This privilege, however, is not absolute. Even after the party seeking to invoke the privilege makes a sufficient showing, the court must balance the parties' interests for and against disclosure of the privileged information. *See Mobil Oil Corp., v. Department of Energy,* 520 F.Supp. 414, 417 (N.D.N.Y.1981). Factors to be considered by the court when a government agency invokes the privilege include: (1) the relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the issues involved in the litigation; (4) the government's role in the litigation; (5) the possibility of future timidity and other effects on government employees whose secrets had been disclosed; (6) society's interest in judicial fact finding; and (7) the public interest in scrutinizing the government's decision making process. *See. Department of Economic Dev. v. Arthur Andersen & Co.,* 139 F.R.D. 295, 298–99 (S.D.N.Y.1991) (citing *United States v. Hooker Chem. & Plastics Corp.,* 123 F.R.D. 3, 12 (W.D.N.Y.1988); *Burke v. New York City Police Dep't,* 115 F.R.D. 220, 232 (S.D.N.Y.1987); *In re Franklin Nat'l Bank Sec. Litig.,* 478 F.Supp. 577, 582–83 (E.D.N.Y.1979)).

■ The court should also consider state privacy rules pertaining to the disclosure of confidential information. *Conde,* 121 F.R.D. at 187. Although not determinative, "[s]tate rules may illustrate important privacy interests. . . .". In *Conde,* the court recognized that "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy." *Id.* (citations omitted).

##### a.  *The Intra–Departmental Memoranda Generated by Assistant District Attorneys are Privileged*

■ Applying the above principles, I find that the twenty-one intra-departmental mem-

oranda submitted for *in camera* review are protected by the deliberative process privilege. The memoranda were generated by assistant district attorneys, who lack the authority to take final action on behalf of the agency without approval. The documents are therefore necessarily predecisional. *See Hopkins,* 929 F.2d at 84. Moreover, the memoranda refer to the steps taken by the assistant district attorneys in completing their investigation, and their professional opinions on the merits of the plaintiff's complaint, and their recommendations to the file and to higher-ranking officials within the Office of the District Attorney on what, if any, action should be taken. The court finds that these memoranda were prepared pursuant to the policies of the District Attorney's office and constitute the process to be followed in reaching a decision. Accordingly, the documents fall under the deliberative privilege. *Sears, Roebuck & Co.,* 421 U.S. at 150, 95 S.Ct. at 1516.

Having found that the memoranda constitute part of the District Attorney's deliberative process, the court must now weigh the defendants' need for the memoranda against the District Attorney's assertion that disclosure of its internal memoranda will have a chilling effect upon the agency's effectiveness.

▆▆▆▆ The defendants summarily assert that all information explaining why the District Attorney "refused to prosecute Mr. Thompson" following his August 1993 arrest is relevant and discoverable. *Letter in Opposition to Motion to Quash Subpoena Duces Tecum,* at 2.

▆▆▆▆ The court disagrees. The defendants have failed to demonstrate the relevancy of this information to the issues involved in this litigation. The law in New York is clear that it is the District Attorney who decides whether, and in what manner, to prosecute a suspected offender. *Baez v. Hennessy, Jr.,* 853 F.2d 73, 77 (2d Cir.1988) (citing *People v. Di Falco,* 44 N.Y.2d 482,

486–87, 406 N.Y.S.2d 279, 377 N.E.2d 732 (1978)), *cert. denied, Baez v. County of Onondaga,* 488 U.S. 1014, 109 S.Ct. 805, 102 L.Ed.2d 796 (1989). The basis for that decision is not relevant to the issues in this litigation. Moreover, the public interest in insuring the confidentiality of the District Attorney's files, particularly where it relates to a civil action in which the District Attorney is a third party, outweighs the defendants' need for the information. As was demonstrated in *Martinez v. State,* the disclosure of the notes and memoranda produced by assistant district attorneys in civil cases may impede the agency's ability to effectively prosecute cases. *Martinez v. State,* 128 Misc.2d 789, 490 N.Y.S.2d 987, 988–89 (Ct.Cl.1985) ("public interest in the right of a litigant to obtain evidence must . . . give way to the public interest in enabling the government effectively to conduct sensitive investigations. . . . ."); *see generally The City of Mount Vernon,* 1990 WL 33598 at * 1 (S.D.N.Y.1990) (denying plaintiff's application to compel production of the non-party District Attorney's investigative files and records).

For the foregoing reasons, I find that the intra-departmental memoranda contained within the District Attorney's special investigations file are privileged and non-discoverable, and therefore, the District Attorney's motion to quash the subpoena *duces tecum* relating to the memoranda is granted.

In view of this determination it is unnecessary to address the other—substantially similar—privileges invoked [3] by the District Attorney in its motion to quash.

B. *The District Attorney's Privilege Log*

On December 20, 1997, the District Attorney; pursuant to the court's order dated December 17, 1997, provided the defendants with a privilege log identifying the twenty-one intra-departmental memoranda contained within the special investigations file. *See Order of the Hon. E. Thomas Boyle,*

---

**3.** Although not identical, the deliberative process, official information, and executive privileges are based on the common principle that the opinions, recommendations, and deliberations of government agents are not discoverable where the

government demonstrates that a specific harm would result from disclosure. *See. e.g., Securities Exchange Comm. v. Thrasher,* 1995 WL 46681, at *10 (S.D.N.Y. Feb. 7, 1995); *Walsh v. Chittenden Corp.,* 799 F.Supp. 405, 407 n. 3 (D.Vt.1992).

28

dated Dec. 17, 1997, at 1–2. Rule VI of The Eastern District's Standing Orders states that an attorney asserting a privilege must "identify the nature of the privilege (including work product) which is being claimed" by submitting a privilege log that identifies "(1) the type of document (e.g., letter or memorandum); (2) general subject matter of the document; (3) date of the document; [and] (4) such other information as is sufficient to identify the document for a subpoena *duces tecum* . . . ." Rule VI, para. 21(b) of The Eastern District's Standing Orders of the Court on Effective Discovery in Civil Cases. Having reviewed the District Attorney's privilege log, the court finds that the District Attorney has provided sufficient information in substantial compliance with Rule VI of the Local Rules.

C. *Additional Documents Contained Within the District Attorney's Special Investigations File Submitted for In Camera Review*

In addition to the assistant district attorney's memoranda, the District Attorney has provided the court for *in camera* review several other documents from the special investigations file. These documents include the New York State Police arrest summary and report from the plaintiff's arrest in August 1993, a copy of the plaintiff's criminal record prepared by the New York State Division of Criminal Justice Services, and a copy of the district court information and supporting deposition. The court is advised that the latter documents have been made available to the defendant upon consent of the plaintiff, pursuant to New York Criminal Procedure Law § 160.50 (Transcript of oral argument, dated February 3, 1997 at 15–16, 20–21), and accordingly, to avoid unnecessary duplication, *see* Rule 26(b)(2)(ii) of the Federal Rules of Civil Procedure, the motion to quash is also granted with respect to the latter documents.

SO ORDERED.